Robert L. GROCE and Salvatore Desantis, Appellants–Petitioners,

v.

STATE of Indiana, ex rel. Scott NEWMAN (Marion County Prosecutor), and Gilbert Holmes (Commissioner of the Indiana Bureau of Motor Vehicles), Appellees–Respondents.

No. 49A02–0102–CR–84.

Court of Appeals of Indiana.

Oct. 30, 2001.

J.J. Paul, III, Michael P. Chabraja, Indianapolis, IN, Attorneys for Appellants.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants Petitioners, Robert L. Groce (Groce) and Salvatore Desantis (Desantis),

appeal the denial of their petitions for judicial review.

We reverse and remand.

## ISSUE

Groce and Desantis raise two issues on appeal, which we consolidate and restate as follows: whether the trial court erred in denying their petitions for judicial review.

## FACTS AND PROCEDURAL HISTORY

On June 2, 1992, the Indiana Bureau of Motor Vehicles (BMV) notified Groce that he qualified as an habitual traffic violator (HTV) under Ind.Code § 9–30–10–4(b). This notice advised him that his driving privileges would be suspended for a period of ten years. The notice also advised Groce that he could seek administrative review to correct clerical errors. The June 2, 1992 notice did not advise him of his right to judicial review as required by Ind.Code 9–30–10–5. On November 30, 1995, the BMV notified Groce that he had a right to judicial review of his suspension.

Similarly, on October 7, 1994, the BMV notified Desantis that he qualified as an HTV. This notice advised him that his driving privileges would be suspended for a period of ten years. The notice also advised Desantis that he could seek administrative review to correct clerical errors. The October 7, 1994 notice did not advise him of his right to judicial review. On November 30, 1995, the BMV notified Desantis that he had a right to judicial review of his suspension.

On June 28, 2000, Groce and Desantis filed their petitions for judicial review. Both requested that their HTV determinations be set aside. A hearing was conducted on July 10, 2000. On July 24, 2000, the trial court denied both petitions for judicial review.

On August 7, 2000, Groce and Desantis filed motions to correct error, alleging, among other things, that the trial court was required to enter findings of fact and conclusions of law in review of actions of administrative agencies. On November 6, 2000, the trial court entered its findings of fact and conclusions of law with respect to each case. The trial court denied the petitions for judicial review and found, in pertinent part, as follows:

## CONCLUSIONS OF LAW

* * *

10. In support of his argument, Petitioner relies on *Pebley v. State,* 686 N.E.2d 168 (Ind.Ct.App.1997). In *Pebley,* the defendant received notice from the BMV he was suspended as an HTV on July 21, 1994. The notice advised the defendant of his right to administrative review, but did not advise the defendant of his right to judicial review. The defendant was arrested on October 26, 1995 and charged with operative [sic] a vehicle while HTV in violation of IC 9–30–10–16. On November 30, 1995, the BMV sent the defendant a second notice advising him of his right to judicial review. The defendant was convicted of Operating HTV/FD. The Court of Appeals reversed, holding that the defendant did not receive proper notice of his suspension, and that therefore his conviction could not stand.

11. Petitioner reasons that, as in *Pebley,* because he did not receive notice of his rights to both administrative and judicial review of his HTV status on June 2, 1992 [or on October 7, 1994], that his suspension is invalid and should therefore be removed.

12. Petitioner further relies on *Stewart v. State*, 721 N.E.2d 876 (Ind.1999). In *Stewart*, the defendant was charged and convicted with Operating While HTV/FD. As in *Pebley,* the facts of this case involved 1) notice of suspension and right to administrative review, 2) arrest/charge of Operating while HTV, 3) a later notice of right to judicial review, and 4) a conviction. Petitioner in the instant case states indicates [sic] the Supreme Court in *Stewart* did not disapprove of the findings of the Court of Appeals in *Pebley* as to the invalidation of the suspension based upon improper notice.

13. In sum, Petitioner argues his June 2, 1992 [or October 7, 1994] notice did not advise him of his right to both administrative and judicial review, that therefore it was not "valid" as required by the above case law. Consequently, this Court should remove his HTV 10 Year status for want of proper notice.

14. Petitioners [sic] reliance on *Stewart* and *Pebley* is erroneous. Both of those proceedings concerned whether a defendant in a criminal proceeding received valid notice of his HTV suspension in order to support a conviction of Operating While HTV (i.e. what the State must prove beyond a reasonable doubt that the defendant committed the crime of Operating while HTV/FD).

15. These facts are distinguished from the instant case, where the Petitioner has not been arrested for, charged with, or convicted of, the crime of Operating while HTV. The elements of Operating while HTV are not at issue here, and therefore the State need not prove any of those elements, including "valid notice" as defined by Indiana criminal case law.

16. In order for a suspension to be "valid" for purposes of an administrative suspension, the BMV must comply with the three requirements of IC 9–30–10–5: 1) a notice of suspension must be mailed to the person's last known address; 2) the notice must contain an advisement that the person has the right to administrative review though [sic] the BMV; 3) the notice must contain an advisement that the person has the right to judicial review of the BMV's determination in a county court. IC 9–30–10–5.

17. In the instant case, the Petitioner received notice of his right to both administrative and judicial review, by way of the June 2, 1992 [or October 7, 1994] and November 30, 1995 notices mailed by the BMV. Therefore, Petitioner's HTV 10 Year status is not invalid and should not be removed.

(Groce R. 55–57 & Desantis R. 40–42).

This appeal followed.[1]

### DISCUSSION AND DECISION

Groce and Desantis argue that because the BMV's notice to each of them did not inform them of their right to judicial review as required by Ind.Code 9–30–10–5, their status as HTVs was void *ab initio.*

Ind.Code § 9–30–10–5 provides:

1. This court consolidated Groce's case and Desantis' case for the purposes of briefing under the cause number assigned to Groce.

(a) If it appears from the records maintained in the bureau that a person's driving record makes the person a habitual violator under section 4 of this chapter, the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days because the person is a habitual violator according to the records of the bureau.

(b) Thirty (30) days after the bureau has mailed a notice under this section, the bureau shall suspend the person's driving privileges for:

(1) ten (10) years if the person is a habitual violator under section 4(a) of this chapter;

(2) ten (10) years if the person is a habitual violator under section 4(b) of this chapter; or

(3) five (5) years if the person is a habitual violator under section 4(c) of this chapter.

(c) The notice must inform the person that the person may be entitled to relief under section 6 of this chapter or may seek judicial review of the person's suspension under this chapter.

■ Furthermore, a driver's license is a protected property interest. *Reynolds v. State*, 698 N.E.2d 390, 392 (Ind.Ct.App. 1998), *trans. denied.* In *Bell v. Burson*, 402 U.S. 535, 539 & 542, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), the Supreme Court of the United States held as follows:

Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege.'

* * *

it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective.

*Id.* (citations omitted).

■ With the above in mind, we find that Ind.Code § 9–30–10–5(c) is clear in its requirement that the notice of suspension must inform a person of his right to judicial review. Without such advisement in the notice of suspension, an HTV determination is invalid *ab initio.* Neither Groce's notice of suspension nor Desantis' notice of suspension advised them of their right to judicial review. Thus, they were not properly determined to be HTVs.

This theory becomes more clear when we look to the operating a motor vehicle while privileges are suspended statute. Ind.Code § 9–30–10–16 formerly read:

(a) A person who operates a motor vehicle:

(1) while the person's driving privileges are suspended under this chapter or IC 9–12–2 (repealed July 1, 1991); or . . . .

commits a Class D Felony.

When the statute read as it did above, several cases had interpreted it to require a valid suspension. In *Loe v. State*, 654 N.E.2d 1157, 1158 (Ind.Ct.App.1995), this court held that an element of the offense of driving while suspended as an habitual

traffic offender is a valid suspension. In *Pebley v. State,* 686 N.E.2d 168, 170 (Ind. Ct.App.1997), we again held that a necessary element of the crime of driving while suspended is that a defendant's driver's license be validly suspended.

However, in *Stewart v. State,* 721 N.E.2d 876 (Ind.1999), our supreme court analyzed the case law regarding license suspensions and the *mens rea* required to convict a defendant of driving after having been adjudged an HTV. The court disapproved of many of the cases handed down by this court in which we held that if the statutory due process notice requirements were not met in a license suspension procedure, the suspension was not valid. *Id.* at 880.

*Stewart* held that in order to sustain a conviction of driving after having been adjudged an HTV, the State is required to prove: (1) the act of driving, (2) after a license suspension or an HTV adjudication, and (3) a showing of *mens rea* that the defendant knew or reasonably could have known that his driving privileges had been suspended as a result of having been determined to be an HTV. *Id.* at 879. The court further held that a driver who knows of his suspension and still drives, commits the act which our legislature has made a criminal offense. *Id.*

Additionally, in *Stewart,* our supreme court noted that a failure in the BMV notification process might afford a driver certain remedies in the administrative process or in court. *Id.* However, as previously stated, the court's final conclusion was that a driver who knows of his suspension and still drives, commits the act which our legislature has made a criminal offense. *Id.*

Since *Stewart* has been handed down, our legislature has amended Ind.Code § 9–30–10–16 to read as follows:

(a) A person who operates a motor vehicle:

 (1) while the person's driving privileges are validly suspended under this chapter or IC 9–12–2 (repealed July 1, 1991) and the person knows that the person's driving privileges are suspended; or ....

commits a Class D felony.

The legislature's amendment to this statute is a clear response to the supreme court's holding in *Stewart.* As previously mentioned, in several cases prior to *Stewart,* it has been held that an element of the offense of driving while suspended as an HTV is a valid suspension. *Stewart* attempted to change this case law and the legislature responded.

 We admit that neither Groce nor Desantis was charged or convicted of operating a motor vehicle while privileges are suspended. However, this case and statutory law demonstrate that valid suspension is an important and necessary part of a person's status as an HTV. The legislature made this point very clear when it amended Ind.Code § 9–30–10–16 to include the term "validly." Before a person can be criminally charged with driving while suspended as an HTV, the person must first be properly adjudged an HTV. This is the first step. In both Groce's case and Desantis' case, this step was missed. Thus, they could never be in violation of any statute relating to driving and being an HTV. Therefore, the purpose of their HTV determinations is lost.

 We concede that Groce and Desantis were given belated notices, which informed them of their right to judicial review. However, Ind.Code § 9–30–10–5 does not provide for perfection of the notice of suspension. It states specifically that "[t]he notice *must* inform the person that the person may be entitled to relief under section 6 of this chapter or may

seek judicial review of the person's suspension under this chapter." Ind.Code § 9–30–10–5(c) (emphasis added). The term "must" is mandatory language. The BMV failed to provide such advisement in Groce's notice of suspension and in Desantis' notice of suspension.

Granted, if an emergency situation exists, due process requirements may be less stringent. *See Bell,* 402 U.S. at 542, 91 S.Ct. 1586. However, it is not apparent from the record that an emergency situation existed in either Groce's case or in Desantis' case. Thus, such argument fails.

Accordingly, we find that neither Groce's notice of suspension nor Desantis' notice of suspension was in accordance with Ind.Code § 9–30–10–5. Consequently, we find that Groce and Desantis were not properly determined to be HTVs.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred denying both Groce's petition for judicial review and Desantis' petition for judicial review. We reverse the trial court's ruling and remand to order that Groce's status as an HTV and Desantis' status as an HTV be vacated.

Reversed and remanded.

SHARPNACK, C.J., and NAJAM, J., concur.