**STATE of Indiana, Appellant (Respondent Below),**

v.

**Willie Virginia HAMMOND, Appellee (Petitioner Below).**

No. 41S04–0104–PC–00196.

Supreme Court of Indiana.

Jan. 28, 2002.

Karen M. Freeman–Wilson, Attorney General of Indiana, Adam M. Dulik, Depu-

ty Attorney General, Indianapolis, IN, for Appellant.

J.J. Paul, III, Mitchell P. Chabraja, Indianapolis, IN, for Appellee.

SHEPARD, Chief Justice.

Willie Virginia Hammond's driving license was suspended after she was adjudged an habitual traffic violator (HTV). She drove anyway, got caught at it, and eventually pled guilty to a felony charge arising from doing so.

In a later petition for post-conviction relief, she claimed her guilty plea lacked a factual basis because the HTV notice sent to her was defective. The trial court agreed and granted Hammond relief. We reverse.

**Facts and Procedural History**

On March 16, 1997, Officer Kelly Browning of the Franklin Police Department stopped Hammond in Johnson County for speeding. Hammond had no driver's license, and she told the officer that she believed her license was suspended. Officer Browning confirmed with the Bureau of Motor Vehicles (BMV) that Hammond

had been adjudged an habitual traffic offender.

The State charged Hammond with operating a motor vehicle while suspended as an HTV, a class D felony.[1] Hammond pled guilty pursuant to a plea agreement and testified that she knew of her HTV suspension when she drove on March 16, 1997. In her agreement, Hammond acknowledged that she understood the charge and possible penalties. The trial court accepted her plea, found her guilty, imposed a two-year sentence, and suspended it to probation.

On June 16, 1999, Hammond filed a verified petition for post-conviction relief asserting that the BMV's notice suspending her as an habitual violator was defective because it did not advise her of the opportunity for administrative review.[2] She argued that her counsel was ineffective for failing to determine the propriety of the suspension and that improper suspension invalidated her guilty plea.[3]

Hammond also filed a petition for judicial review of her HTV suspension in the Marion Circuit Court. On August 2, 1999, that court found the BMV notice "insufficient to support her suspension as an Ha-

---

1. *See* Ind.Code Ann. § 9–30–10–16 (West 1998): "A person who operates a motor vehicle ... while the person's driving privileges are suspended [under the habitual violator laws] ... commits a Class D felony."

2. It is undisputed that the BMV's notice to Hammond did not advise her of her right to challenge the suspension or the procedure for doing so. (Appellee's Br. at 5–7.) *See* Ind. Code Ann. § 9–30–10–5(c)(West 1998)("The notice must inform the person that the person may be entitled to relief ... or may seek judicial review of the person's suspension under this chapter."). The challenge procedure is set forth in Ind.Code Ann. § 9–30–10–6 (West 1998):

    (a) A person who has received a notice under section 5 of this chapter may notify the bureau ... that the bureau's records contain a material error with respect to the

person's driving record ... [T]he bureau shall, within thirty (30) days after the date the notice was received by the bureau, determine whether a material error was made with respect to the person's driving record. (b) If the bureau determines that a material error was made with respect to the person's driving record, the bureau shall:

    (1) prevent the suspension of; or (2) reinstate; the person's driving privileges.

3. Of course, Hammond would not be entitled to post-conviction relief on ineffective assistance grounds unless she demonstrated both deficient performance and prejudice. Even assuming deficient performance, it is apparent from our decision today that Hammond has not demonstrated a reasonable probability of a different outcome.

bitual Traffic Offender" and ordered BMV to vacate the suspension retroactively. (R. at 137.)

The post-conviction court relied on this ruling and vacated Hammond's guilty plea, believing it was not supported by an adequate factual basis. The Court of Appeals affirmed. *State v. Hammond,* 737 N.E.2d 425 (Ind.Ct.App.2000), *trans. granted, opinion vacated,* 753 N.E.2d 10 (Ind.2001).

## Standard of Review

When reviewing a judgment granting post-conviction relief we follow the standard prescribed by Indiana Trial Rule 52(A):

> On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

*See Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995).

In determining whether the judgment is clearly erroneous, we neither reweigh the evidence nor determine the credibility of witnesses. *Id.* Rather, we consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.*

## A "Valid" Suspension

The State argues that because Hammond admitted to driving a car when she knew her license was suspended for HTV, a sufficient factual basis supported her guilty plea. (Appellant's Br. at 4.) We agree.

Before a court may accept a guilty plea, it must determine that the plea is offered voluntarily and supported by a factual basis. Ind.Code Ann. § 35–35–1–3(b) (West 1998). "A sufficient factual basis can be established by the defendant's admission that he understands the nature of the crime and understands that his guilty plea is an admission that he committed the crime." *Bates v. State,* 517 N.E.2d 379, 381 (Ind.1988)(citing *Lombardo v. State,* 429 N.E.2d 243 (Ind.1981)).

At the time of her arrest, Hammond admitted to Officer Browning that she believed her license was suspended. In a plea agreement, she acknowledged that she understood the charge and committed each element of the crime. (R. at 28, 31.) Before accepting Hammond's guilty plea, the court reconfirmed Hammond's understanding of and admission to the charge. (R. at 86–89.)

In challenging this factual basis during her post-conviction hearing, Hammond did not deny that she drove while knowing that her license was suspended. Rather, she asserted that the suspension was invalid because the suspension notice was incomplete. (R. at 55–56.) As support, she cited the order from the Marion Circuit Court instructing the BMV to vacate Hammond's HTV adjudication based on the incomplete notice. (R. at 72.)

The post-conviction court granted Hammond's requested relief, saying: "If Ms. Hammond was not, in fact, properly suspended on March 16, 1997, the factual basis for her guilty plea is invalidated. Thus, the Court finds that Ms. Hammond's guilty plea is not supported by an adequate factual basis and that its acceptance of her guilty plea must be vacated." (R. at 81.)

For reasons we recently explained in *Stewart v. State,* 721 N.E.2d 876 (Ind. 1999), this conclusion is clearly erroneous.

In *Stewart,* the perpetrator was convicted for driving while his license was suspended as an HTV. *Id.* at 877. At trial, Stewart argued unsuccessfully that the State failed to prove that it mailed him a

notice containing the required advisement of his rights. *Id.* at 877–78. On appeal, we affirmed the conviction, noting: "To obtain convictions for driving while suspended or after being adjudicated an habitual violator, the State need prove . . . (1) the act of driving, and (2) a license suspension or an HTV adjudication, *plus* . . . (3) that the defendant knew or should have known [of the suspension]." *Id.* at 879 (emphasis in original).

We said, "[T]he essence of the HTV offense was the act of driving after being so determined. The focus is not on the reliability or non-reliability of the underlying determination, but on the mere fact of the determination." *Id.* at 880 (citations omitted). We explicitly disapproved of two decisions in which the Court of Appeals reversed driving while suspended convictions based on inadequate suspension notices, saying, "While defects in the administrative process may warrant relief under administrative law, it is not the province of criminal proceedings to correct such errors." *Id.* (*disapproving Griffin v. State,* 654 N.E.2d 911 (Ind.Ct.App.1995) and *Pebley v. State,* 686 N.E.2d 168 (Ind. Ct.App.1997)).

■ For purposes of a driving while suspended charge, we therefore look to the appellant's status as of the date of that charge, not any later date on which the underlying suspension may be challenged or set aside. *Id.* at 880 (citation omitted).

Hammond asserts that a recent legislative amendment adding the word "validly" to modify "suspended" in § 9–30–10–16[4] served to nullify the holding in *Stewart.* (Appellee's Br. at 8–9.) Although the former version of the statute was in effect at the time of Hammond's arrest and trial,

Hammond contends that the amendment shows the legislature's intent that any notice deficiency in the underlying suspension automatically invalidates a conviction for operating while suspended. (Appellee's Br. at 8–10.) We disagree.

In *Stewart,* we discussed the required elements and mens rea for an HTV suspension and held that a license suspension is valid until and unless it is successfully challenged. *See Stewart,* 721 N.E.2d at 879–80. The addition of the word "validly" to the statute does not, therefore, change the holding of *Stewart.* If no challenge has occurred as of the date the driver is charged with driving while suspended, the suspension is valid at the critical time, and the subsequent conviction stands. *Id.*

Here, as in *Stewart,* the omission in Hammond's suspension notice does not entitle her to per se reversal of her suspension. It does afford her an equitable remedy: an extended time frame during which to challenge her suspension on the merits. We alluded to this relief in *Stewart,* saying, "[I]t is conceivable that failure to mail a notice might afford a driver certain tardy remedies in the administrative process or in court. . . ." *Id.* at 879.

The validity of a license suspension depends on the merits of the adjudication, so an untimely or incomplete suspension notice does not justify automatic reversal of the suspension. The Marion Circuit Court thus erred when it vacated Hammond's suspension based solely on inadequate notice, and the post-conviction court erred when it determined that Hammond's guilty plea was unsupported. The proper remedy for the BMV's failure to explain Hammond's right of challenge is to allow Ham-

---

**4.** This amendment, effective July 1, 2000, revised Ind.Code § 9–30–10–16 to read: "A person who operates a motor vehicle: (1) while the person's driving privileges are *validly* suspended . . . *and the person knows that the person's driving privileges are suspended* . . . commits a Class D felony." (Additions underlined.)

mond the belated opportunity to challenge her HTV suspension on the merits. Were she successful at that, she might then petition for post-conviction relief in the court where she pled to the felony of continuing to drive.

### Conclusion

We reverse the decision of the post-conviction court, and direct that the conviction be reinstated.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.