Robert L. GROCE and Salvatore Desantis, Appellants (Petitioners below),

v.

STATE of Indiana, et al., Appellees (Respondents below).

No. 49S02–0203–CR–202.

Supreme Court of Indiana.

Oct. 29, 2002.

As Modified Nov. 6, 2002.

J.J. Paul, III, Indianapolis, IN, Attorney for Appellants.

Steve Carter, Attorney General of Indiana, David L. Steiner, Scott A. Kreider, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Salvatore Desantis and Robert Groce both committed multiple driving offenses and consequently received letters from the Bureau of Motor Vehicles ("BMV") identifying them individually as habitual traffic violators ("HTV"). Contrary to their claims, we find that the BMV's failure to refer to judicial review opportunities in the initial HTV suspension notice did not invalidate their suspensions. Rather, it was sufficient that judicial review opportunities were outlined in a subsequent letter.

### Background

Salvatore Desantis was convicted of various traffic offenses and his license was suspended on multiple occasions between July 13, 1988, and September 2, 1994. On October 7, 1994, the BMV mailed Desantis

an Habitual Traffic Violator Notice of Suspension, informing him that his license would be suspended for a ten-year period, beginning November 17, 1994. The notice also provided the necessary form to request administrative review of the suspension. In this initial notice, there was no reference to the judicial review procedure.

Likewise, Robert Groce was convicted of various traffic offenses and had his license suspended on multiple occasions between May 14, 1984, and April 29, 1992. Consequently, on June 2, 1992, the BMV mailed Groce an Habitual Traffic Violator Notice of Suspension, informing him that his license would be suspended for a ten-year period, beginning July 13, 1992. The notice also provided the necessary form for requesting administrative review. In Groce's initial notice, there was no reference to the judicial review procedure.

On November 30, 1995, the BMV sent both Desantis and Groce follow-up letters clarifying that they were entitled to seek judicial review of their suspensions and directed them to the proper statutory section for guidance regarding the judicial review procedure. The notices further stated that their HTV suspensions remained "in effect without change."

Both Desantis and Groce filed petitions for judicial review of their license suspensions on June 28, 2000, alleging that the HTV notices they received failed to comply with the due process requirements of Ind. Code § 9–30–10–5 by not informing them of their right to judicial review, and were void *ab initio*. On July 24, 2000, the trial court denied their petitions for judicial review. Desantis and Groce appealed to the Court of Appeals and the Court of Appeals reversed the trial court's denial of judicial review, finding that a lack of advisement of judicial review opportunities in the suspension notices invalidated *ab initio* an HTV determination. *Groce v. State ex rel. New-*

*man,* 757 N.E.2d 694, 697–99 (Ind.Ct.App. 2001). We granted transfer, 774 N.E.2d 511 (Ind.2002) (table), and now affirm the judgment of the trial court.

### Discussion

The State contends that the Court of Appeals erred by invalidating the suspensions *ab initio* given this Court's decision in *Stewart v. State*, 721 N.E.2d 876 (Ind.1999). We agree that *Stewart*, and a subsequent case, *State v. Hammond,* 761 N.E.2d 812 (Ind.2002), control.

*Stewart* involved facts analogous to those presented here. In *Stewart*, we held that a conviction for driving while suspended as an HTV was valid even though the initial suspension notice did not refer to judicial review opportunities. Rather, it was sufficient that a subsequent letter, nearly identical to those received by Desantis and Groce, explained an HTV's right to seek judicial review. *Stewart,* 721 N.E.2d at 879–80. The state must only show three things for an adjudication as an HTV: (1) the act of driving; (2) a license suspension or an HTV adjudication; and (3) that the defendant knew or should have known of the suspension or adjudication. *Id.* at 879. As a result, since a notice of his HTV adjudication was sent to the defendant, he had constructive knowledge that his license was suspended. In spite of this knowledge, he continued to drive, thus committing the offense of driving while suspended as an HTV, without regard to the contents of the initial notice. *Id.* at 880.

In deciding this case, the Court of Appeals looked to the Legislature's amendment to Ind.Code § 9–30–10–16(a)(1), Pub.L. No. 120–2000, § 2, which inserted the word "validly" to modify "suspended," and concluded that the Legislature's action was meant to overrule *Stewart.*

Subsequent to the Court of Appeals' opinion in this case, we decided *State v. Hammond*, 761 N.E.2d 812 (Ind.2002). We determined in *Hammond* that the Legislature's addition of the word "validly" did not alter the *Stewart* holding. *Id.* at 815. Rather, a suspension continues to be valid until and unless it is successfully challenged on its merits. *Id.* (*citing Stewart*, 721 N.E.2d at 879–80). Thus, an incomplete or untimely suspension notice does not warrant automatic reversal of a suspension. *Id.* Rather, the appropriate remedy continues to be a belated opportunity to challenge the HTV suspension *on the merits*. *Id.* at 815–16 (emphasis added).

■ *Stewart* and *Hammond* control. The failure to outline the opportunity for judicial review in the initial suspension notice does not void a subsequent classification as a habitual traffic violator or any subsequent convictions for driving while suspended as an HTV.

### Conclusion

Having previously granted transfer pursuant to Indiana Appellate Rule 58(A), thereby vacating the opinion of the Court of Appeals, we now affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM and RUCKER, JJ., concur.