**STATE of Indiana, Appellant–Defendant,**

v.

**Rochelle JONES and Tiwanna Shaw, Appellees–Plaintiffs.**

**No. 71A04–0205–CR–229.**

Court of Appeals of Indiana.

Feb. 25, 2003.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General Indianapolis, IN, Attorneys for Appellant.

Brian J. May, South Bend, IN, Charles A. Walton, Jr. South Bend, IN, Attorneys for Appellees.

## OPINION

ROBB, Judge.

Rochelle Jones and Tiwanna Shaw were charged with welfare fraud in separate causes in St. Joseph Superior Court. Both entered pleas of guilty, but the trial court subsequently dismissed each case because the charges were filed outside the statute of limitations. The State of Indiana appeals the dismissals. We affirm the trial court as to the disposition of Jones' case, but reverse as to Shaw.

### Issue

The State raises a single issue for our review, which we restate as whether the trial court properly dismissed the cases against Jones and Shaw.

*Facts and Procedural History*

## I. Rochelle Jones

Jones was charged on October 6, 1998, with two counts of welfare fraud, one Class C felony and one Class D felony. The information alleged that from February 4, 1991, to March 27, 1992, Jones received food stamps and aid for families with dependent children benefits. She certified on June 13, 1991, and December 6, 1991, that she had not received any employment income in the previous six months; however, she was in fact employed during a substantial part of the time in question.

On November 7, 2001, Jones entered a plea of guilty to the Class D felony count of welfare fraud. The trial court found that her plea was voluntary and that it was supported by a factual basis. On January 9, 2002, the trial court accepted the plea, entered a judgment of conviction, and sentenced Jones to a suspended one-year term of imprisonment, probation, and restitution. On February 14, 2002, at a hearing regarding restitution, the trial court raised the issue of the statute of limitations. Jones filed a motion to dismiss and vacate the judgment of conviction on that date. On April 1, 2002, the trial court granted Jones' motion, finding that her plea was not knowingly and voluntarily entered. Therefore, the judgment of conviction and sentence were vacated, the guilty plea withdrawn, and her case dismissed. The State now appeals.

## II. Tiwanna Shaw

Shaw was charged on August 24, 1999, with two counts of Class D felony welfare fraud. The information alleged that on April 27, 1993, March 7, 1994, and July 14, 1994, she certified that she had no employment income for the purpose of receiving food stamps and aid for families with dependent children benefits. She received those benefits from April 1994 to January 1995. However, from February 10, 1994, to February 1, 1995, Shaw was employed and received wages from February 24, 1994, to February 23, 1995. Her employment was never reported.

On February 1, 2001, Shaw entered a plea of guilty to one count of welfare fraud. On that date, the trial court found that the plea was voluntary and that there was a factual basis to support it. The court took the guilty plea under advisement. At a hearing on February 5, 2002, the trial court raised the possibility that the charges were filed outside the statute of limitations. On April 25, 2002, the trial court rejected Shaw's guilty plea and dismissed the charges against her without prejudice. The State now appeals.

*Discussion and Decision*

The State alleges that the trial court erred in dismissing Jones' and Shaw's cases because even if the charges were filed outside the statute of limitations, their guilty pleas waive any timeliness defect.

## I. Statute of Limitations

The general statute of limitations for the Class C and D felonies with which we are concerned herein is found at Indiana Code section 35–41–4–2:

(a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:

(1) within five (5) years after the commission of a Class B, Class C, or Class D felony....

Ind.Code § 35–41–4–2(a)(1). However, the statute also provides:

(k) A prosecution is considered timely commenced for any offense to which the defendant enters a plea of guilty, notwithstanding that the period of limitation has expired.

Ind.Code § 35–41–4–2(k).

■ A statute of limitation exists primarily to insure against prejudice and in-

justice to a defendant occasioned by a delay in prosecution. *Roberts v. State,* 712 N.E.2d 23, 31 (Ind.Ct.App.1999), *trans. denied.* It strikes a balance between the defendant's interest in being placed on notice to formulate a defense for a crime charged and the State's interest in having sufficient time to investigate and develop its case. *Id.* Any exceptions to the limitation period must be construed narrowly and in a light most favorable to the accused. *Id.* Because the procedural posture, consequence thereof, and result of these two consolidated cases is different, we address them separately below.

## II. Rochelle Jones

Jones' plea was accepted by the trial court, a judgment of conviction was entered, and she was sentenced before she filed her motion to dismiss. We look to Indiana Code section 35–35–1–4 in this situation:

> (c) After being sentenced following a plea of guilty ... the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> (1) the convicted person was denied the effective assistance of counsel;
>
> (2) the plea was not entered or ratified by the convicted person;
>
> (3) the plea was not knowingly and voluntarily made;
>
> (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
>
> (5) the plea and judgment of conviction are void or voidable for any other reason.
>
> * * *
>
> (e) Upon any motion made under this section, the moving party has the burden of establishing his grounds for relief by a preponderance of the evidence. The order of the court upon a motion made under subsection (b) or (c) of this section shall constitute a final judgment from which the moving party or the state may appeal as otherwise provided by law.

Ind.Code § 35–35–1–4(c), (e).

▬ Thus, we treat the proceedings in the trial court as the grant of post-conviction relief. When the State appeals an award of post-conviction relief, we apply the standard of review prescribed in Trial Rule 52(A): we will "not set aside the findings or judgment unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *See State v. Hammond,* 761 N.E.2d 812, 814 (Ind. 2002). The "clearly erroneous" standard is a review for sufficiency of the evidence, and thus we neither reweigh the evidence nor determine the credibility of witnesses but consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *State v. Holmes,* 728 N.E.2d 164, 168 (Ind. 2000), *cert. denied,* 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). We will reverse only upon a showing of "clear error": that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* The judgment of the post-conviction court granting relief will be affirmed if "there is any way the [post-

conviction] court could have reached its decision." *Spranger v. State*, 650 N.E.2d 1117, 1120 (Ind.1995).

At the hearing on Jones' motion to dismiss, the trial court asked Jones if she was advised at any time that the case was, on its face, filed beyond the five-year statute of limitations. Jones replied that she was not. The trial court then asked if she would have pleaded guilty if she had been so advised, and she stated that she would not. The trial court then found that the plea was not entered into knowingly and voluntarily and granted Jones' requested relief by vacating the conviction and sentence and dismissing the case.

█ The State argues, and we agree, that any statute of limitations issue was waived by Jones' guilty plea, pursuant to Indiana Code section 35–41–4–2(k). However, we can affirm the trial court on any ground. In this particular case, the trial court found that because Jones was never advised, by the court or by her counsel, that the case was filed outside the statute of limitations, she did not enter her plea of guilty knowingly and voluntarily. Thus, there were at least two reasons for withdrawing the plea to correct a manifest injustice pursuant to Indiana Code section

35–35–1–4(c): ineffective assistance of counsel[1] and a plea not knowing and voluntary. The trial court's decision to withdraw Jones' guilty plea upon her motion under these circumstances was not clearly erroneous.

Moreover, Jones was charged with knowingly concealing information between February 4, 1991, and March 27, 1992. She had certified on June 13, 1991 and again on December 6, 1991, that she had no employment income, when in fact, she was employed from February 1991 to March 1992. The information was not filed until October 6, 1998, and it is apparent that the charges were filed outside the five-year statute of limitations for Class C and D felonies. The State concedes as much in its brief. Brief of Appellant at 5 ("Thus, the charges against Jones were greater than five years both from the date of concealment and the end of the last undeserved payment."). The trial court did not err in dismissing the charges. The trial court's judgment as to Jones is affirmed.

### III.   Tiwanna Shaw[2]

█ Shaw's plea, unlike Jones', was never accepted by the trial court. It was taken under advisement, but before the

---

1. In order to show ineffective assistance of counsel, the defendant must show both that her counsel's performance was deficient and that the deficient performance prejudiced her defense. *State v. Miller*, 771 N.E.2d 1284, 1287 (Ind.Ct.App.2002), *trans. denied*. There can be little doubt that failure to notice a statute of limitations defense apparent on the face of the information is deficient performance. Jones' statement to the trial court that had she been alerted to the statute of limitations problem, she would not have entered a guilty plea proves the prejudice because, as the State points out, pleading guilty waives the defense.

2. Two attorneys filed briefs representing Shaw's interests. The Appellees' Brief was due November 6, 2002. Brian May filed a

brief for both Jones and Shaw. He had requested and was granted an extension of time to file his brief to December 6, 2002. Charles Walton, Jr. filed a brief for Shaw only. On November 12, 2002, Walton filed a motion to file a belated brief; however, the Clerk's Office noted that the brief was not yet due and returned the motion to Walton. The Clerk's office apparently noted that an extension had already been granted, but did not realize that the extension had been granted to a different attorney. May and Walton then both filed their briefs on December 6, 2002. Thus, although Walton's brief was actually late, because of the confusion and because Shaw's interests are represented regardless, we have considered Walton's brief in our decision.

trial court accepted the plea, entered a conviction, and sentenced Shaw, the court noted a potential statute of limitations problem. Under these circumstances, Indiana Code section 35–35–1–4(b) applies:

> (b) After entry of a plea of guilty ... but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty ... for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty ... made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty ... whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Thus, the trial court is required to grant such a request only if the defendant proves that withdrawal of the plea "is necessary to correct a manifest injustice." The court must deny a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. Except under these polar circumstances, disposition of the petition is at the discretion of the court. *Coomer v. State,* 652 N.E.2d 60, 61–62 (Ind.1995). On review, there is a presumption in favor of the trial court's ruling on a motion to withdraw a guilty plea. *Id.*

Shaw was charged with knowingly concealing information between April 1, 1994 and January 31, 1995. She certified to the St. Joseph County Department of Family and Children ("DFC") on March 7, 1994, and again on July 14, 1994, that she had no employment income. The probable cause affidavit indicates that when Shaw signed the certifications, she was instructed to report any changes in income within ten days and she acknowledged that she understood that responsibility. *See* Appellants Appendix at 42. Subsequent investigation revealed that she was employed from February 10, 1994, to February 1, 1995 and received wages from February 24, 1994, to February 23, 1995. The charges were filed August 24, 1999. The trial court found that discrete acts of knowing concealment occurred when she signed the certifications on March 7, 1994, and July 14, 1994, regardless of when she received the benefits, and thus the charges were outside the five-year statute of limitations for Class D felonies. However, in providing Shaw the benefits, the DFC was relying on her most recent certification in determining that she was eligible. Shaw's acts of accepting the benefits without updating the DFC regarding her employment status constituted a continuing wrong. Thus, on its face, the information alleges acts which are within the applicable statute of limitations. Under these circumstances, Shaw has not shown a manifest injustice, and the trial court abused its discretion in withdrawing her guilty plea and dismissing the case.

### Conclusion

The trial court did not err in withdrawing Jones' guilty plea and dismissing the charges against her. However, because Shaw failed to demonstrate a manifest abuse of discretion in. that the charges against her were filed within the applicable statute of limitations, the trial court erred in dismissing her case. Accordingly, the trial court's judgment as to Jones is affirmed; the judgment as to Shaw is reversed and Shaw's case is remanded to the

trial court for further proceedings consistent with this opinion.

Affirmed in part; reversed in part.

BAILEY and BARNES, JJ., concur.