**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**William J. PARHAM, Appellee–Defendant.**

**No. 02A04–0904–PC–234.**

Court of Appeals of Indiana.

Sept. 24, 2009.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

William J. Parham, New Castle, IN, Appellee pro se.

## OPINION

KIRSCH, Judge.

The State appeals the trial court's order granting William J. Parham's petition for post-conviction relief and raises one issue, which we restate as whether the trial court properly granted Parham's petition for post-conviction relief.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On July 25, 2002, under Cause Number 02D04–0207–FC–128 ("Cause Number 128"), the State charged Parham with robbery as a Class C felony and later added a second count alleging that Parham was an habitual offender. On October 24, 2002, the State charged Parham under Cause Number 02D04–0210–FB–216 ("Cause Number 216") with robbery as a Class B felony and resisting law enforcement as a Class D felony. The State later added a third count alleging that Parham was an habitual offender.

On March 5, 2003, Parham and the State entered into a plea agreement. Under the plea agreement, Parham agreed to plead guilty under Cause Number 128 to robbery as a Class C felony and to being an habitual offender. Parham was to receive a seven-year sentence for the robbery conviction with an eight-year enhancement for his habitual offender status.

With regard to Cause Number 216, pursuant to the plea agreement, the State filed an amended information in which it changed the robbery count from a Class B to a Class C felony. Parham then agreed to plead guilty under Cause Number 216 to robbery as a Class C felony, resisting law enforcement as a Class D felony, and to being an habitual offender. Parham was to receive an eight-year sentence for the robbery conviction that would be

served concurrent with a three-year sentence for resisting law enforcement. The eight-year sentence for the robbery conviction was enhanced by twelve years because of Parham's habitual offender status. Parham's sentences under Cause Numbers 128 and 216 were to be served consecutively for an aggregate sentence of thirty-five years. On March 31, 2003, the trial court held a hearing at which it accepted the plea agreement and sentenced Parham according to the terms of the agreement.

Parham later filed a petition for post-conviction relief in which he argued that his sentence was illegal because the trial court did not have express statutory authority to impose consecutive habitual offender enhancements. After holding a hearing, the post-conviction court granted Parham's petition for post-conviction relief, making the following relevant findings:

> 8. [Parham] correctly asserts that the twin habitual enhancements were illegal, as both habitual-enhanced sentences were imposed and ordered to run consecutively in a single sentencing proceeding. *Ingram v. State*, 761 N.E.2d 883, 885–886 (Ind.Ct.App.2002).
>
> 9. Harm resulting from erroneous sentencing practice may be resolved by severing the offending provision and enforcing the balance of the agreement. Setting aside the entire conviction arrived at through an otherwise proper plea of guilty is not required. *Lee v. State*, 816 N.E.2d 35 (Ind.2004).
>
> 10. Sentencing [Parham] on both Habitual Offender enhancements in the same proceeding is fundamental error. The habitual offender enhancement (Count II: 8 years) imposed in [Cause Number 128] is vacated. [Parham] is ordered committed to the Indiana Department of Correction for a period of 7 years on Count I [the robbery conviction in Cause Number 128]. The Clerk of Allen County is ordered to prepare an amended Abstract of Judgment reflecting said amendment.

*Appellant's App.* at 119–120. The State now appeals.

## DISCUSSION AND DECISION

In *State v. Hammond*, 761 N.E.2d 812, 814 (Ind.2002), our Supreme Court specified that when reviewing a judgment granting post-conviction relief, we follow the standard prescribed by Indiana Trial Rule 52(A):

> On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

"In determining whether the judgment is clearly erroneous, we neither reweigh the evidence nor determine the credibility of witnesses." *Hammond*, 761 N.E.2d at 814. Rather, we will only consider the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.*

The post-conviction court and Parham are correct that it is improper to sentence a defendant to consecutive habitual offender enhancements. *See Starks v. State*, 523 N.E.2d 735, 736–37 (Ind.1988); *Ingram v. State*, 761 N.E.2d 883, 886 (Ind.Ct.App.2002). However, our Supreme Court has held that "[a] defendant 'may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence.'" *Lee v. State*, 816 N.E.2d 35, 40 (Ind.2004) (quoting *Collins v. State*, 509 N.E.2d 827, 833 (Ind.1987)). "'[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights,

such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category.'" *Id.* (quoting *Davis v. State*, 771 N.E.2d 647, 649 n. 4 (Ind.2002)).

■ Here, Parham received a significant benefit from pleading guilty. Pursuant to the plea agreement, the State agreed to reduce the Class B felony robbery charge brought under Cause Number 216 to a Class C felony. Additionally, the thirty-five year sentence provided for in the plea agreement was substantially less than the possible maximum sentence Parham could have received under Cause Numbers 128 and 216, which the post-conviction court found was fifty-eight years. *See Appellant's App.* at 118–19. In striking a favorable bargain with the State, Parham gave up the right to challenge the imposition of unauthorized consecutive sentences. *See Stites v. State*, 829 N.E.2d 527, 529 (Ind.2005); *Lee*, 816 N.E.2d at 40; *Gonzales v. State*, 831 N.E.2d 845, 847 (Ind.Ct.App.2005), *trans. denied.* Therefore, we conclude that the trial court erred in granting Parham's petition for post-conviction relief.

Reversed.

NAJAM, J., and BARNES, J., concur.