**STATE of Indiana, Appellant–Respondent,**

v.

**Craig COOPER, Appellee–Petitioner.**

No. 49A02–0907–PC–599.

Court of Appeals of Indiana.

Dec. 15, 2009.

Marla R. Thomas, Indianapolis, IN, Attorney for Appellee.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

BAKER, Chief Judge.

Appellant-respondent State of Indiana appeals the grant of post-conviction relief in favor of appellee-petitioner Craig Coo-

per. Specifically, the State argues that Cooper's request for post-conviction relief should have been denied because, even though the date and location of the offense were not specified in the factual basis during the guilty plea hearing, Cooper has failed to demonstrate how he was prejudiced by those "irregularities." Appellant's Br. p. 1. Concluding that the post-conviction court properly granted Cooper's request for relief, we affirm.

## FACTS

On March 17, 1999, the State charged Cooper with operating a vehicle while an habitual traffic violator (HTV), a class D felony, and resisting law enforcement, a class A misdemeanor. After Cooper waived a trial by jury, the parties entered into a plea agreement, where Cooper agreed to plead guilty to the HTV charge in exchange for the State's dismissal of the resisting law enforcement count. The State recommended a sentence of 545 days of incarceration with 365 days suspended. The plea agreement also provided that Cooper's driver's license was to be suspended for life.

At the guilty plea hearing that was conducted in August 1999, the trial court read the charges to Cooper. Specifically, the trial court stated that "on March 16, 1999, Marion County, State of Indiana, 4200 block of North Guilford, . . . Craig Cooper did [operate] a motor vehicle while his driving privileges [were] suspended as a habitual traffic violator." Ex. A. The trial court then advised Cooper of the potential penalties and asked him if he was "[g]uilty or not guilty." *Id.* Cooper responded that he was "[g]uilty." Appellee's App. p. 10–12; Ex. A. Thereafter, the trial court

placed Cooper and the arresting officer under oath for the purpose of obtaining a factual basis for the plea.

Indianapolis Police Officer Jeffrey Wager testified that he was familiar with Cooper, followed him home, and arrested him, knowing that Cooper was an HTV, and that his driver's license was suspended. The trial court then asked Cooper if he accepted the officer's statement as the factual basis for the guilty plea, and Cooper acknowledged that he did. Cooper then admitted that he was "driving the vehicle [on] the evening in question, around 6:30," and he knew that his license had been suspended as an HTV violator. Ex. A, p. 8. The trial court accepted Cooper's guilty plea and sentenced him pursuant to the terms of the agreement.

In February 2009, Cooper filed a pro se petition for post-conviction relief, claiming that his guilty plea should be set aside because he "did not admit to a factual basis" and "did not plead to specific facts from which it can be concluded that his decision to plead guilty was voluntary and intelligent[.]" Appellant's App. p. 44.[1] Cooper also alleged that his counsel was ineffective "by failing to inform [him] that his driving privileges were in fact not suspended, that he did not have to plead guilty, and the full effect of his guilty plea." *Id.*

At some point during the post-conviction hearings,[2] Cooper presented the court with a certified copy of his driving record dated December 4, 2008, which indicated that he was not an HTV on March 16, 1999. Cooper relied on this document in support of his claim that "as a result of [the BMV's] . . . review of their own record they on the

1. Cooper initially sought post-conviction relief on June 21, 2002, but he subsequently withdrew that petition "without prejudice" in 2004. Appellee's App. p. 31.

2. The post-conviction court held hearings on Cooper's petition on April 6, June 9, and June 17, 2009.

merits changed their record and it shows ... that he was never a[n] HTV." Tr. Vol. III, p. 5.

At the conclusion of the hearings, the post-conviction court granted Cooper's request for relief and observed that Cooper had been prejudiced by the lack of an adequate factual basis because "the conviction in itself [would] be a prejudice if it shouldn't have been a conviction." Appellee's App. p. 53, Tr. Vol. III, p. 13. The post-conviction court further observed that

> The fact is [the offense] needs to be shown in a County.... [I]t's an essential element. If I read the charge of drunk driving but in the factual basis I leave out the fact or the charge of a blood alcohol content level but I leave out the fact that his blood alcohol content was above a certain number, it's not a factual basis.... The fact is again the question and it is a simple question and all takes one word, two words, Marion County ... after 4200 block of North Guilford but it's not there. I'm going to grant the petition for PCR.

Tr. Vol. III, p. 13–14. Thereafter, the post-conviction court entered the following findings of fact and conclusions of law:

> 2. The fact that the Court failed to include a sufficient date and place of the criminal act for which Craig Cooper [pleaded] guilty there did not exist a sufficient factual basis for the plea.
>
> 3. Based upon the evidence submitted and the law of the case, Craig Cooper's conviction was obtained without a legal factual basis.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED;

> 1. That Petitioner's Petition for Post Conviction Relief is hereby granted and his conviction for Habitual Traffic Violator on August 2, 1999, ... is hereby vacated.

> 2. Any and all references to petitioner's conviction for Habitual Traffic Violator F/D on August 2, 1999, ... are hereby ordered expunged from the records of the Indiana Bureau of Motor Vehicles.

Appellant's App. p. 77. The State now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind.2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind.2002); *see also* Ind. Post–Conviction Rule 1(1)(a). Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. P–C.R. 1(5).

■ When the State appeals a grant of post-conviction relief, we apply the "clearly erroneous" standard of review prescribed in Ind. Trial Rule 52(A). *State v. Jones*, 783 N.E.2d 784, 787 (Ind.Ct.App. 2003). We neither reweigh the evidence nor determine the credibility of witnesses. *Id.* We consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.* We will reverse only on a showing of clear error, that is, error that "leaves us with a definite and firm conviction that a mistake has been made." *Henley v. State*, 881 N.E.2d 639, 643 (Ind.2008). The judgment of the post-conviction court granting relief will be affirmed if "there is any way" the court could have reached its decision.

*State v. Jones,* 783 N.E.2d 784, 787–88 (Ind.Ct.App.2003).

## II. The State's Contention

The State asserts that, notwithstanding any alleged inadequacy of the factual basis at the guilty plea hearing, the post-conviction court erred in granting Cooper's request for relief. Specifically, the State asserts that Cooper failed to demonstrate that the allegedly defective factual basis prejudiced him and that it "had any bearing on his decision to plead guilty." Appellant's Br. p. 4.

■ We initially observe that a trial court may not accept a guilty plea unless it determines that a sufficient factual basis exists to support the plea. Ind.Code § 35–35–1–3(b). A factual basis exists when there is evidence about the elements of the crime from which a trial court could reasonably conclude that the defendant is guilty. *Dewitt v. State,* 755 N.E.2d 167, 172 (Ind.2001). And the purpose of the factual basis requirement is to " 'ensure that a person who pleads guilty truly is guilty.' " *State v. Eiland,* 707 N.E.2d 314, 317 (Ind.Ct.App.1999)[3] (quoting *Butler v. State,* 658 N.E.2d 72, 76 (Ind.1995)).

■ The factual basis need not be established beyond a reasonable doubt; rather, relatively minimal evidence can be adequate. *Dewitt,* 755 N.E.2d at 172. Moreover, even if a factual basis contains an irregularity or inadequacy, the petitioner is not afforded an automatic avenue of post-conviction relief. He or she must prove the existence of prejudice as the result of the lack of an adequate factual basis. *See Eiland,* 723 N.E.2d at 864 (affirming this court's opinion that the petitioner bears the burden of demonstrating that he or she was prejudiced by the failure to establish a factual basis); *see also Dewitt,* 755 N.E.2d at 172 (holding that the defendant failed to prove any resulting prejudice when the address of a gas station that he robbed was misstated during the factual basis at the guilty plea hearing).

■ Cooper correctly observes that with most criminal offenses, time is not of the essence "except where the offense is in doing the thing charged upon a certain date." *Dixon v. State,* 223 Ind. 521, 524–25, 62 N.E.2d 629, 630 (Ind.1945). Here, the very nature, the precise date and year of driving is an essential element of the crime of operating a motor vehicle while an HTV, inasmuch as the State must prove that the operating occurred "while the person's driving privileges are validly suspended." Ind.Code § 9–30–10–16.[4] Therefore, time is of the essence with respect to this crime, and the precise date of the offense, including the year, must be established to prove that an offense occurred.

■ As discussed above, the trial court sought to establish the factual basis

---

**3.** Our Supreme Court granted transfer in *Eiland* and expressly adopted and incorporated by reference this court's judgment and opinion. *State v. Eiland,* 723 N.E.2d 863, 865 (Ind.2000).

**4.** Indiana Code section 9–30–10–16 provides that

(a) A person who operates a motor vehicle:
(1) while the person's driving privileges are validly suspended under this chapter or IC 9–12–2 (repealed July 1, 1991) and the person knows that the person's driving privileges are suspended; or
(2) in violation of restrictions imposed under this chapter or IC 9–12–2 (repealed July 1, 1991) and who knows of the existence of the restrictions;
commits a Class D felony.
Additionally, Indiana Code section 9–30–10–4 sets forth the types of offenses and dates of convictions that qualify an individual as an HTV.

through Officer Wager's testimony. Ex. A, p. 6–7. Officer Wager testified that he was a police officer with the City of Indianapolis and that "on March 16th at approximately 6:30 p.m.," he observed Cooper driving a vehicle. *Id.* Officer Wager followed Cooper to his residence because he knew that Cooper was "currently a habitual traffic violator" and his license had been suspended. *Id.* at 7–8. Cooper accepted this testimony as the facts of this case, admitted that he was driving on the evening of the arrest, and informed the guilty plea court that he knew that his license was suspended and was an HTV. *Id.* at 8.

Even though both the year and the county where the incident occurred were mentioned at the guilty plea hearing before the factual basis was presented, neither were established during the factual basis phase of the hearing. Ex. A, p. 5. Nonetheless, the trial court read the formal charges to Cooper, which included the complete date and place of the offenses. *Id.* After several additional advisements from the trial court, Cooper admitted his guilt. *Id.*

Although we cannot say that the guilty plea court could not have reasonably been assured of Cooper's guilt after considering Officer Wager's testimony, the reading of the charges, and Cooper's admissions, at no point during the factual basis hearing did Officer Wager or Cooper testify that the events occurred in Marion County or in Indianapolis. Moreover, the year of the alleged offense was not established at that time. Appellee's App. p. 12–16. As a result, we must conclude that the trial court did not establish a sufficient factual basis to support Cooper's guilty plea.

■ However, our inquiry does not stop here. As discussed above, Cooper sought to establish that he was prejudiced by the omission of the date and county at the factual basis "phase" of the guilty plea

hearing by submitting a copy of his driving record at the post-conviction hearing to demonstrate that he was, in fact, not an HTV on March 16, 1999. Because the date and place of the offense were not specified when the trial court sought to establish the factual basis for the plea, Cooper's counsel pointed out that he had discovered a BMV error that it had subsequently corrected regarding Cooper's status as an HTV. Appellee's App. p. 21–48, Ex. B; Tr. III, p. 5, 7. Hence, Cooper claimed that he would not have pleaded guilty to the offense had he known that his status as an HTV was erroneous, as was evidenced by counsel's assertion that Cooper has "become a convict based on a driving record that was not suspended on that date. . . . He's never even had a DUI and he's become HTV and continued to become HTV." *Id.* at 13. Following this argument, the post-conviction court admitted Cooper's driving record "not for the fact that at the time [Cooper] wasn't suspended according to the evidence but to show the date and time and the necessary requirements of the factual basis." Tr. Vol. I, p. 11.

We do not take issue with the dissent's observation that Cooper's driving record, dated May 19, 1999, shows a five-year suspension for being an HTV on April 15, 1996. However, the certified record that Cooper submitted that was dated December 4, 2008, omits that entry. Moreover, although the 2008 record shows other notices of suspension informing Cooper that he was an HTV, additional traffic convictions, and a determination that he has been without a valid driver's license since December, 1997, the post-conviction court had the opportunity to review this evidence in the context of all of the other evidence that was introduced through the course of the three post-conviction hearings.

Indeed, the post-conviction court may very well have anticipated that Cooper would submit an amended petition for post-conviction relief to include a more developed ineffective assistance of counsel claim because of trial counsel's alleged failure to fully search the BMV records prior to the guilty plea, or that Cooper might file a petition for judicial review in light of post-conviction counsel's discovery of the purportedly corrected BMV record that Cooper obtained in December 2008. As a result, the post-conviction court could reasonably conclude that Cooper's counsel discovered that the BMV had corrected a material error with regard to Cooper's status as an HTV. Ex. B. Therefore, based upon the evidence that Cooper presented, we cannot say that the post-conviction erred in determining that Cooper's conviction was "in and of itself" the prejudice he had suffered because it should not have been a conviction. Appellee's App. p. 53, Tr. Vol. III, p. 13. Hence, Cooper has demonstrated the requisite prejudice because he would not have pleaded guilty to the charged offense had he known that there was no basis for that charge. *Wilson v. State*, 707 N.E.2d 318, 321 (Ind.Ct. App.1999) (holding that evidence establishing that the defendant did not commit the charged offense satisfies the burden of demonstrating prejudice). Thus, Cooper established that he was prejudiced by the

inadequate factual basis that was presented at the guilty plea hearing.[5]

In sum, we are not convinced that the post-conviction court committed "clear error" in granting Cooper's request for relief, and we are not left with a "definite and firm conviction that a mistake has been made." *Henley*, 881 N.E.2d at 643.

The judgment of the post-conviction court is affirmed.

BAILEY, J., concurs.

ROBB, J., dissents with opinion.

ROBB, Judge, dissenting.

Although I agree with the majority's conclusion the trial court did not establish a sufficient factual basis to support Cooper's guilty plea, I do not believe Cooper has demonstrated he was prejudiced by the error. Therefore, I respectfully dissent.

A trial court may not enter a judgment upon a plea of guilty "unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea." Ind.Code § 35–35–1–3(b). However, an individual seeking to vacate a guilty plea due to the lack of a factual basis must also demonstrate he was prejudiced by the failure to establish the factual basis. *State v. Ei-*

---

5. At some point during the hearing, Cooper's counsel and the post-conviction court discussed the relevance of our Supreme Court's opinion in *State v. Starks*, 816 N.E.2d 32, 35 (Ind.2004), which held that a defendant who pleads guilty to driving while suspended as an HTV may not later challenge the plea on grounds that the underlying offense is invalid. Unlike the circumstances in Starks and the earlier case of *State v. Hammond*, 761 N.E.2d 812, 815 (Ind.2002), where the petitioners sought post-conviction relief merely on procedural grounds to avoid HTV status, Cooper's driving record that he presented at the post-conviction hearings seemingly demonstrates

that the BMV's initial determination that he was an HTV was in error. In other words, the evidence that Cooper presented to the post-conviction court established that 1) a material error had occurred when the BMV initially determined that Cooper was an HTV; 2) the BMV later corrected the error and removed the incorrect HTV determination from the driving record; and 3) Cooper was not validly determined to be an HTV in the first place. In our view, this is precisely the type circumstance that our Supreme Court contemplated in *Starks* and *Hammond* that justifies post-conviction relief.

*land,* 723 N.E.2d 863, 864–65 (Ind.2000). Cooper alleges:

> 1) a material error had occurred when the BMV originally determined that Cooper was a[n] habitual traffic violator; 2) the Bureau of Motor Vehicles later corrected this error and removed the incorrect HTV determination from Cooper's driving record as required by Indiana Code [section] 9–30–10–6; and 3) Cooper was not validly determined to be a[n] habitual traffic violator in the first place.

Brief of Appellee at 8. Cooper further alleges had he known these facts, he would not have pled guilty to the charge. In essence, then, Cooper argued he was prejudiced by the conviction itself. The post-conviction court and the majority agree.

As evidence he was not an habitual traffic violator on the date he was charged, Cooper submitted a certified copy of his Indiana Official Driver Record dated December 4, 2008. In response, the State submitted a certified copy of Cooper's driver record dated May 19, 1999. While the 1999 record lists a five-year suspension for being an habitual traffic violator on April 15, 1996, the 2008 record omits the same entry. However, Cooper's 2008 driver record still contains numerous notices of suspension informing Cooper he had been declared an habitual traffic violator on April 15, 1996, as well as two prior misdemeanor convictions for operating while an habitual traffic violator on June 11, 1997, and September 24, 1997. Noticeably, Cooper's 2008 driver record does not contain a notice informing him the BMV discovered a material error, or that it was reinstating his driving privileges, and Cooper did not submit any other documentary evidence so indicating. Further, Cooper's 2008 driver record indicates he has not held a valid driver's license since at least December 6, 1997.

In addition, a review of Cooper's convictions clearly indicates he qualified as an habitual traffic violator on April 15, 1996. Indiana Code section 9–30–10–4 defines an habitual traffic violator as a person who has accumulated: three judgments within a ten year period for, among other things, driving while suspended as a result of a conviction "under ... [Indiana Code section] 9–24–18–5(b) (repealed July 1, 2000), [Indiana Code section] 9–24–19–3, or [Indiana Code section] 9–24–19–5;" or ten judgments within a ten year period for any traffic violation required to be reported to the BMV. As of April 15, 1996, Cooper had accumulated five convictions for driving while suspended pursuant to Indiana Code section 9–24–18–5(b) (repealed July 1, 2000) on December 5, 1993, December 30, 1993, February 12, 1994, March 14, 1994, and April 20, 1994. In addition, Cooper had accumulated a total of fifteen traffic convictions in around seven and one-half years. Therefore, based on my review of Cooper's driver record, I disagree with the conclusion of the post-conviction court and the majority that Cooper was not an habitual traffic violator at the time he was charged with the underlying offense. As a result, I would conclude Cooper has not demonstrated he was prejudiced by the trial court's failure to establish a sufficient factual basis for his guilty plea, and I would reverse the decision granting Cooper's petition for post-conviction relief.