STATE of Indiana, Appellant–
Respondent,

v.

Kevin STARKS, Appellee–Petitioner.

No. 31A04–0209–PC–438.

Court of Appeals of Indiana.

April 16, 2003.

Rehearing Denied May 21, 2003.

Steve Carter, Attorney General of Indiana, Scott A. Kreider, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Bart M. Betteau, New Albany, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

The State appeals the decision of the post-conviction court granting Kevin Starks's petition for post-conviction relief,

contending that the post-conviction court's decision was clearly erroneous in that it vacated Starks's conviction for operating a vehicle while his license was suspended as a habitual traffic violator (HTV) because the HTV suspension was ordered expunged when one of the underlying traffic offenses was vacated.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 28, 1991, July 31, 1991, and October 12, 1993, Starks was convicted of driving while intoxicated. Consequently, on November 18, 1993 he was notified that the Indiana Bureau of Motor Vehicles (BMV) would be suspending his driver's license effective December 29, 1993 because of his status as an HTV.

On October 26, 2000, Starks was charged with operating while his license was suspended as an HTV, operating while intoxicated, and public intoxication. On April 5, 2001, he pled guilty to operating while his license was suspended as an HTV and operating while intoxicated. He did not take a direct appeal.

Starks petitioned for post-conviction relief from his March 28, 1991 driving while intoxicated conviction, and the post-conviction court granted relief and vacated his conviction. That court also determined that because this conviction was invalid, the BMV's determination that Starks was an HTV was also invalid and ordered the BMV to expunge the determination.

On October 29, 2001, Starks filed the instant petition for post-conviction relief and a motion for summary judgment with regard to his April 5, 2001 conviction of operating while his license was suspended as an HTV. After a hearing, the trial court entered findings and conclusions and granted Starks's petition for post-conviction relief. The State now appeals.[1]

## DISCUSSION AND DECISION

The post-conviction court found that there was no factual basis for Starks's guilty plea where he offered his guilty plea while under a mistaken belief as to his HTV status. Under these circumstances, the post-conviction court found that Starks's guilty plea was not voluntary or knowing. The State contends that this was error.

Indiana Post–Conviction Rule 1(7) authorizes either the petitioner or the State to take an appeal. *State v. Holmes*, 728 N.E.2d 164, 168 (Ind.2000), *cert. denied*, 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). Because the petitioner bears the burden of proof in a post-conviction proceeding, the judgment from which the State appeals is not a negative judgment. *Id.* When an appeal after a non-jury civil trial does not challenge a negative judgment, the applicable standard is that prescribed by Indiana Trial Rule 52(A). *State v. Hammond*, 761 N.E.2d 812, 814 (Ind.2002); *Holmes*, 728 N.E.2d at 168. When the trial court issues findings and conclusions as provided for in T.R. 52(A), we apply a two-tiered standard to review the trial court's entry: we determine whether the evidence supports the findings and whether the findings support the judgment. *Garling v. Indiana Dep't of Natural Res.*, 766 N.E.2d 409, 410 (Ind. Ct.App.2002), *trans. denied*.

We will reverse the judgment of the post-conviction court only upon a showing of clear error, an error that leaves us with a definite and firm conviction that a mistake has been made. *Hammond*, 761 N.E.2d at 814; *Holmes*, 728 N.E.2d at 168. Because this "clearly erroneous" standard

1. We hereby deny Starks's request for oral argument, finding the briefs of the parties sufficiently develop their arguments on appeal.

is a review for sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses, but consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Holmes,* 728 N.E.2d at 168–69.

■ Before a court may accept a guilty plea, it must determine that the plea is offered voluntarily and supported by a factual basis. IC 35–35–1–3(b). A sufficient factual basis can be established by the defendant's admission that he or she understands the nature of the crime and understands that the guilty plea is an admission that he or she committed the crime. *Hammond,* 761 N.E.2d at 814. Starks pled guilty to violating IC 9–30–10–16, which provides that a person who operates a motor vehicle while the person's driving privileges are validly suspended, and the person knows that the person's driving privileges are suspended, commits a Class D felony. In *Stewart v. State,* 721 N.E.2d 876, 879 (Ind.1999), the supreme court held that to obtain a conviction for driving while suspended as an HTV, the State must prove: 1) the act of driving; 2) a license suspension or an HTV adjudication; and 3) that the defendant knew or should have known about the suspension.

Our supreme court examined IC 9–30–10–16 in *Hammond,* 761 N.E.2d at 814–16. In that case, the State charged the defendant with operating a motor vehicle while suspended as an HTV after an officer stopped her for a traffic violation and confirmed that she had been adjudged an HTV. Subsequently, Hammond pled guilty pursuant to a plea agreement and testified that she knew of her HTV suspension when she drove. The trial court accepted her plea and entered a judgment of conviction.

The defendant filed a verified petition for post-conviction relief asserting that the BMV's notice suspending her as a habitual traffic violator was defective because it did not advise her of the opportunity for administrative review and that the improper suspension invalidated her guilty plea. She also filed a petition for judicial review of her HTV suspension. The reviewing court found the BMV notice insufficient to support her suspension as an HTV and ordered the BMV to vacate the suspension retroactively. Relying on this ruling, the post-conviction court vacated the defendant's guilty plea because it was not supported by a factual basis, i.e., the defendant was not suspended as an HTV at the time she entered the plea.

On transfer from this court, which affirmed the post-conviction court's decision, our supreme court examined the relevant case law and found that because the defendant admitted to driving a car when she knew her license was suspended as an HTV, a sufficient factual basis supported her guilty plea. It noted that in challenging the factual basis of her guilty plea, the defendant did not deny that she drove while knowing that her license was suspended, but instead asserted that the suspension was invalid because the suspension notice was incomplete. The court held that the post-conviction court's grant of relief was clearly erroneous under the circumstances because the court order to vacate the HTV suspension was erroneous. It explained that the proper remedy for the BMV's failure to explain the defendant's right of challenge is to allow the defendant the belated opportunity to challenge her HTV suspension on the merits. The court concluded, "Were she successful at that, she might then petition for post-conviction relief in the court where she pled to the felony of continuing to drive." *Id.* at 816.

■ In the case before us, we have exactly the situation contemplated by our supreme court in the last line of its *Hammond* decision. Starks successfully chal-

lenged his HTV suspension on the merits, resulting in a court order to the BMV to rescind his HTV suspension. He then petitioned for post-conviction relief in the court where he pled guilty to the felony of continuing to drive. Starks's HTV adjudication was invalid at the time of his conviction, and therefore Starks's guilty plea was not supported by a factual basis. Thus, Starks is entitled to relief from this conviction.

Analytically, this situation is similar to a habitual offender determination. IC 35–50–2–8 allows the State to seek an enhanced sentence based on the determination that a defendant is a habitual offender, that is, that he or she has accumulated two prior unrelated felony convictions. However, if one of the prior offenses is subsequently set aside for constitutional reasons, the habitual offender determination must be vacated. *Spivey v. State,* 638 N.E.2d 1308, 1312 (Ind.Ct.App.1994). Likewise, here, Starks's HTV suspension was set aside because one of the offenses on which it was based was vacated. Thus, his conviction for driving while suspended as an HTV must also be reversed.

We acknowledge that our decision today appears to conflict with the result reached by another panel of this court in *Gentry v. State,* 526 N.E.2d 1187 (Ind.Ct.App.1988), *trans. denied.* We note that *Gentry* was decided prior to our supreme court's opinion in *Hammond* and its apparent endorsement of the procedure Starks followed here. We conclude that the post-conviction court's judgment is not clearly erroneous.

Affirmed.

SULLIVAN, J., and SHARPNACK, J., concur.