STATE of Indiana, Appellant
(Respondent below),

v.

Kevin STARKS, Appellee
(Petitioner below).

No. 31S04–0308–PC–352.

Supreme Court of Indiana.

Oct. 19, 2004.

Steve Carter, Attorney General of Indiana, Scott A. Kreider, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Bart M. Betteau, McDaniel & Betteau, New Albany, IN, Attorney for Appellee.

RUCKER, Justice.

A defendant who pleads guilty to driving while suspended as an habitual traffic violator may not later challenge the plea on grounds that the underlying offense is invalid.

**Facts and Procedural History**

Kevin Starks has a long history of traffic offenses. In March 1991, July 1991, and October 1993, he was convicted of operating a vehicle while intoxicated. As a result, in November 1993, the Bureau of Motor Vehicles ("BMV") sent notice advising Starks of his status as an habitual traffic violator ("HTV") and informing him that his license would be suspended for ten years beginning December 29, 1993. *See* Ind.Code § 9–30–10–5. In November 1995 the BMV sent Starks a follow-up notice advising him of his right to judicial review.[1] In November 1997 and again in April 1999, Starks was convicted of driving while suspended as an HTV. *See* I.C. § 9–30–10–16. In October 2000, Starks was charged with operating a vehicle while intoxicated; driving while suspended as an HTV; and public intoxication. In April 2001, under the terms of a plea agreement,

---

1. In the interim, on May 4, 1995, Starks was again convicted of operating a vehicle while intoxicated.

Starks pleaded guilty in the Harrison Superior Court to the driving offenses for which he received a one-year executed sentence, three years probation, and a lifetime suspension of his driving privileges. The State dismissed the public intoxication charge. Starks did not appeal.

Thereafter, Starks filed a "Motion for Summary Judgment" in the Floyd County Court challenging his March 1991 conviction for driving while intoxicated. The trial court granted the motion,[2] set aside the conviction, held that the HTV determination was based in part on the 1991 conviction, and ordered the determination expunged from Starks' driving record. Appellant's App. at 30.

Armed with the Floyd County Court order, Starks then filed a petition for post-conviction relief and a motion for summary judgment in the Harrison Superior Court challenging his April 2001 plea agreement. After conducting a hearing the post-conviction court granted Starks relief, set aside his conviction of driving while suspended as an HTV, and ordered that the resulting suspension be expunged from Starks' driving record. The State appealed, and the Court of Appeals affirmed, reasoning in part: "Starks's [habitual traffic violator] adjudication was invalid at the time of his [Harrison County] conviction, and therefore Starks's guilty plea was not supported by a factual basis. Thus, Starks is entitled to relief from this conviction." *State v. Starks*, 787 N.E.2d 885, 888 (Ind.Ct.App. 2003), *reh'g denied.* Having previously granted the State's petition to transfer, we now reverse the judgment of the post-conviction court.

### Discussion and Decision

Indiana Code section 9–30–10–16 provides in pertinent part, "A person who operates a motor vehicle: (1) while the person's driving privileges are validly suspended under this chapter . . . or (2) in violation of restrictions imposed under this chapter . . . commits a Class D felony." Commenting in *Stewart v. State*, 721 N.E.2d 876, 878 (Ind.1999), that "[o]ur case law has not been kind to a relatively simple statute," we examined existing case authority interpreting this statute and the broader legislative scheme concerning repeat traffic violators of which this statute is a part. Reconciling what we characterized as "judicial accretions" creating a complicated labyrinth, we concluded that to obtain a conviction for driving while suspended or driving after being adjudged an habitual traffic violator, the State must prove: (1) the act of driving, (2) a license suspension or an HTV adjudication, and (3) that the defendant knew or should have known about the suspension. *Id.* at 879. Underscoring the significance of the "knew or should have known" element of the offense, we cited with approval *Gentry v. State*, 526 N.E.2d 1187 (Ind.Ct.App.1988), *trans. denied.* In that case the Court of Appeals held that if a person who knew he had been adjudged an HTV drove a vehicle, then he committed the offense of operating a motor vehicle, a separate and distinct offense. *Id.* at 1189. We observed:

> The *Gentry* court determined that the essence of the HTV offense was the act of driving after being so determined. The focus is not on the reliability or non-reliability of the underlying determination but on the mere fact of the determination. . . . It follows that the crucial date, insofar as habitual violator status is concerned, is the date of driving, not the date on which the status is challenged or set aside. If the person is

---

**2.** The trial court's reason for granting the motion is not clear from the record before us. However, Starks contends he pleaded guilty to the charge without representation of counsel. *See* Appellant's App. at 63–64.

driving despite notification that he may not do so because he has been declared an habitual traffic violator, he is flaunting the law even if one or more of the underlying convictions is voidable.

*Stewart*, 721 N.E.2d at 880 (citations and internal quotations omitted) (determining that the defendant's conviction for driving while suspended as an habitual traffic violator was valid because he knew or reasonably should have known of his suspension).

This Court again revisited Indiana Code section 9–30–10–16 in *State v. Hammond*, 761 N.E.2d 812 (Ind.2002). In that case the State charged Hammond with operating a motor vehicle while suspended as an habitual traffic violator after an officer stopped Hammond for a traffic violation and confirmed that she had been adjudged an HTV. Subsequently Hammond pleaded guilty under the terms of a plea agreement and testified that she knew of the HTV suspension when she drove the car. The trial court accepted her guilty plea and imposed a two-year suspended sentence. Thereafter, Hammond filed a petition for post-conviction relief contending that the notice sent by the Bureau of Motor Vehicles suspending her as an habitual traffic violator was defective because it did not advise her of the opportunity for administrative review. Thus, according to Hammond, the improper suspension invalidated her guilty plea. Hammond also filed in the trial court a petition for judicial review of the HTV suspension. The trial court found that the BMV notice was insufficient and ordered the Bureau to vacate the sentence retroactively. Relying on this ruling, the post-conviction court vacated Hammond's guilty plea believing it was not supported by an adequate factual basis.

On review the Court of Appeals affirmed the judgment of the post-conviction court. On transfer, we again pointed out: "[T]he essence of the HTV offense was the act of driving after being so determined. The focus is not on the reliability or non-reliability of the underlying determination, but on the mere fact of the determination. . . . For purposes of a driving while suspended charge, we therefore look to the appellant's status as of the date of that charge, not any later date on which the underlying suspension may be challenged or set aside." *Id.* at 815 (citing *Stewart*, 721 N.E.2d at 880) (internal quotation omitted). Because Hammond admitted that she drove her car when she knew her license was suspended, there was a sufficient factual basis for her guilty plea.

Noting that an untimely or incomplete suspension notice does not justify automatic reversal of a license suspension, we concluded that the trial court erred in vacating Hammond's suspension and the post-conviction court erred when it determined that Hammond's guilty plea was unsupported by a sufficient factual basis. We then said:

> The proper remedy for the BMV's failure to explain Hammond's right of challenge is to allow Hammond the belated opportunity to challenge her HTV suspension on the merits. *Were she successful at that, she might then petition for post-conviction relief in the court where she pled to the felony of continuing to drive.*

*Id.* at 815–16 (emphasis added). Starks seizes on the highlighted portion of this quote to insist he is entitled to relief. The Court of Appeals agreed, indicating, "In the case before us, we have exactly the situation contemplated by our supreme court in the last line of its *Hammond* decision." *Starks*, 787 N.E.2d at 887. We disagree with our colleagues' reading of *Hammond*.

The quoted language was merely descriptive of the procedural route a person may be entitled to take belatedly to challenge a prior conviction or to challenge

notice that driving privileges have been suspended. If the person successfully demonstrates, either to the BMV or to the court upon judicial review, *see* I.C. § 9–30–10–7, that a "material error" has occurred then the person is afforded the opportunity to pursue post-conviction relief. This is not to say however that relief automatically will be granted. That was the case in *Hammond* and that is the case here. As *Hammond* makes clear the essence of the HTV offense is the act of driving after having been so determined. *Hammond,* 761 N.E.2d at 815. Because the underlying offense is later challenged or set aside does not mean the HTV adjudication is invalid. "The focus is not on the reliability or non-reliability of the underlying determination, but on the mere fact of the determination." *Id.* Only if the underlying offense was not committed, for example, by proving that the BMV erroneously included the defendant as the same person as the offender in the subsequent court, is the error "material."

In essence Starks indeed may be entitled to post-conviction relief from his 2001 guilty plea of driving while suspended as an habitual traffic violator. However, it is not a sufficient basis for relief that the underlying offense has been set aside on procedural grounds. This is the precise ground on which the post-conviction court relied in setting aside Starks' conviction and ordering the resulting license suspension expunged from Starks' driving record. In so doing the post-conviction court erred.

### Conclusion

We reverse the judgment of the post-conviction court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.