**Ronald L. HOAKS, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 50A05–0502–PC–104.**

Court of Appeals of Indiana.

Aug. 17, 2005.

Transfer Denied Nov. 9, 2005.

Jon A. Criss, Sweeney, Pfeifer, Morgan & Stesiak, South Bend, for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Ronald Hoaks appeals from the post-conviction court's denial of his Motion to Correct Error, and raises the following issue for our review: Whether the trial court properly denied Hoaks's motion for post-conviction relief.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In March 1987, Hoaks was adjudged to be an habitual traffic violator ("HTV"), and the trial court suspended his license effective March 1987. In November 1990, Hoaks pleaded guilty to Operating a Vehicle While Intoxicated, as Class A misdemeanor, and Operating While an Habitual Traffic Violator, a Class D felony. In 2004 the St. Joseph Circuit Court entered an order stating that a material error had occurred when the Indiana Bureau of Motor Vehicles ("Bureau") determined that Hoaks was an HTV because he did not commit one of the underlying offenses to the HTV determination. The trial court ordered that the Bureau remove the designation and suspension for being an HTV from Hoaks's driving record.

Later, Hoaks filed a petition for post-conviction relief, and he supplemented his petition with the order from the St. Joseph Circuit Court. Following a hearing, the post-conviction court denied Hoaks's petition, finding that Hoaks drove with the knowledge that he was an HTV. Hoaks

then filed a Motion to Correct Error, and the post-conviction court denied that motion. This appeal ensued.

## DISCUSSION AND DECISION

■■■ Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentences by petitioning for post-conviction relief. *Stevens v. State,* 770 N.E.2d 739, 745 (Ind.2002). The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State,* 810 N.E.2d 674, 679 (Ind.2004); Ind. Post–Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* (citations omitted). In this review, findings of fact are accepted unless clearly erroneous, but no deference is accorded conclusions of law. *Id.*

■■■ Hoaks asserts that his conviction for driving while suspended as a habitual traffic violator should be set aside because it was later determined that he did not commit one of the underlying offenses used to adjudicate his status as an HTV. He further contends that this constituted material error and that "a person is entitled to post-conviction relief if there was 'material error.'" Appellant's Brief at 7. However, our supreme court has held that "if the person successfully demonstrates, either to the [Bureau] or to the court upon judicial review, see I.C. § 9–30–10–7, that a 'material error' has occurred then the person is afforded the opportunity to pur-

sue post-conviction relief. That is not to say, however, that relief automatically will be granted." *State v. Starks,* 816 N.E.2d 32, 35 (Ind.2004). Only if the underlying offense was not committed, for example, by proving that the Bureau erroneously included the defendant as the same person as the offender in the subsequent court, is the error "material." *Id.* (citations omitted). Here, while Hoaks is clearly entitled to pursue post-conviction relief because an underlying offense in his HTV adjudication was material error, that is not to say he is entitled to relief.

The inquiry centers on his act of driving after having been determined to be an HTV. Our supreme court has consistently stated that "the essence of the HTV offense [is] the act of driving after being so determined. The focus is not on the reliability or the non-reliability of the determination, but on the mere fact of the determination." *Id.* at 34. *"For purposes of a driving while suspended charge, we therefore look to the appellant's status as of the date of that charge, not any later date on which the underlying suspension may be challenged or set aside."* *Id.* (citation omitted)(emphasis added).

■■■ In *Starks,* the appellant pleaded guilty to driving while suspended as an habitual traffic violator, but an underlying offense to the HTV determination was later set aside. The appellant then pursued post-conviction relief for his offense of driving while suspended, but the supreme court denied his request, holding that an underlying offense that has been set aside on procedural grounds is not a sufficient basis for relief. *Starks,* 816 N.E.2d at 35. That court emphasized, "if a person who knew he had been adjudged an [habitual

traffic violator] drove a vehicle, then he committed the offense of operating a motor vehicle, a separate and distinct offense." *Id.* (citing *Gentry v. State,* 526 N.E.2d 1187, 1189 (Ind.Ct.App.1988)). Further, a license suspension is valid until and unless it is successfully challenged. *State v. Hammond,* 761 N.E.2d 812, 815 (Ind.2002). If no challenge has occurred as of the date the driver is charged with driving while suspended, the suspension is valid at the critical time, and the subsequent conviction stands. *Id.*

■ This court has held, and the supreme court has quoted with approval, "that the crucial date, insofar as habitual violator status is concerned, is the date of driving, not the date on which the status is challenged or set aside. If the person is driving despite notification that he may not do so because he has been declared an habitual traffic violator, *he is flaunting the law even if one or more of the underlying convictions is voidable.*" *Gentry v. State,* 526 N.E.2d 1187, 1189 (Ind.Ct.App.1988) (emphasis added); *see also Hammond,* 761 N.E.2d at 815; *Starks,* 816 N.E.2d at 34. In other words, the proper focus of our inquiry for the purpose of post-conviction relief where Hoaks has been convicted of driving while suspended is not whether the adjudication itself was valid, but whether Hoaks was aware of his adjudication as an HTV at the time of his conviction, and whether his guilty plea was based on a factual basis *at that time.*

Still, Hoaks insists that because his adjudication as an HTV was later determined to be invalid, his guilty plea to driving after having been determined an HTV was not supported by a factual basis. But our supreme court has held that when a driver admits that he drove his car when he knew his license was suspended, there is a sufficient factual basis for his guilty plea. *See Starks,* 816 N.E.2d at 34. Hoaks does not deny that he was aware of his status as an

HTV when he drove and was convicted for driving while suspended. In fact, he pleaded guilty to the charge without challenging any of the underlying offenses for which he had been determined to be an HTV. While his adjudication was rightfully expunged from his driving record, this was only done recently, and when Hoaks was convicted of driving while suspended in 1990, his status as an HTV was in effect. Therefore, the trial court did not err in denying Hoaks's petition for post-conviction relief or his motion to correct error.

Affirmed.

RILEY, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The case precedent which controls our determination in this case is *State v. Starks,* 816 N.E.2d 32 (Ind.2004). In that case, our Supreme Court held that "it is not a sufficient basis for relief that the underlying offense has been set aside on *procedural* grounds." *Id.* at 35 (emphasis supplied). The procedural grounds for the setting aside of Starks's driving while intoxicated conviction was apparently that Starks had pleaded guilty to that offense without benefit of counsel. *Id.* at 33 n. 2. For this reason, the Supreme Court determined that the post-conviction court erred in granting relief. *Id.* at 35.

The *Starks* court did certainly confirm the principle that it is the fact of driving after a habitual suspension has been imposed that is crucial, whether or not that habitual offender determination is subject to attack. As set forth in *Stewart v. State,* 721 N.E.2d 876, 880 (Ind.1999) and reiterated in *State v. Hammond,* 761 N.E.2d 812, 815 (Ind.2002): "The focus is not on the reliability or non-reliability of the underlying [habitual violator] determination, but on the mere fact of the determination."

Be that as it may, the Supreme Court in *Starks* clearly noted that "if the underlying offense was not committed, for example, by proving that the BMV erroneously included the defendant as the same person as the offender in the subsequent court," the error would be "material" and would entitle the defendant to pursue post-conviction relief. 816 N.E.2d at 35.

Here the error was "material" and was not, as in *Starks, Hammond, Stewart,* and *Pebley v. State,* 686 N.E.2d 168 (Ind.Ct. App.1997), a mere procedural defect.[1]

The posture of the case before us is unlike those other cases involving a mere procedural defect. If Hoaks were merely relying upon the St. Joseph Circuit Court December 2004 procedural defect decision, I would agree with the majority that case precedent dictates that Hoaks is not entitled to post-conviction relief. That is not the situation before us, however.

Following the St. Joseph Circuit Court procedural decision, a judicial review was conducted with reference to the actual merits of the habitual offender determination, and the trial court in that setting determined that Hoaks did not commit one of the three predicate offenses upon which the BMV determination and suspension was founded. This seems to me clearly a material error undercutting the habitual offender suspension for all purposes.

For these reasons, I respectfully dissent. I would reverse and remand for further proceedings.

---

1. As earlier noted, in *Starks* the procedural defect was that the defendant's guilty plea to one of the of the predicate offenses implicated in the habitual violator determination was without benefit of counsel. *Hammond* and *Stewart* both involved the procedural defects of inadequate notice from the BMV as to the

determination and suspension. *Pebley* was the case relied upon by the December 6, 2004 St. Joseph Circuit Court decision determining that Hoaks's habitual offender suspension was invalid presumably because, as in *Pebley,* the BMV notice was inadequate.