**FOR PUBLICATION**



ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVID M. SEITER**
Garrison Law Firm
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1204-CR-196 |
| | ) | |
| RUSSELL ONEY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-9911-DF-191975

**September 24, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

The State appeals the trial court's order granting Russell Oney's motion to set aside his 2002 guilty plea to the charge of operating a vehicle while an habitual traffic violator, a Class D felony ("HTV conviction"). The State presents a single issue for review: whether the trial court erred when it vacated Oney's 2002 guilty plea to the HTV conviction on the ground that one of the predicate offenses to the HTV conviction had been reversed in post-conviction proceedings with the agreement of the State.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In January 1994, the Indiana Bureau of Motor Vehicles ("BMV") sent notice to Oney that he was an habitual traffic violator ("HTV"), a Class D felony, because he had accumulated three prior judgments listed in Indiana Code Section 9-30-10-4. The predicate offenses for Oney's HTV status were a 1986 conviction in Fayette County for operating while intoxicated, as a Class A misdemeanor; a 1989 conviction in Fayette County for operating a vehicle while intoxicated with a prior, a Class D felony ("1989 OWI"); and a 1991 conviction in Pennsylvania for driving under the influence, a misdemeanor 2. As a result of the HTV status, the BMV suspended Oney's driving privileges for ten years beginning February 23, 1994. In November 1995, the BMV sent Oney a follow-up letter, notifying him of his right to appeal his HTV status.

On November 1, 1999, despite the suspension, Oney was driving in Marion County when an officer initiated a traffic stop. As a result of that stop, the State charged

2

Oney with operating a motor vehicle while an HTV, a Class D felony. In July 2002, Oney pleaded guilty to that offense, the HTV conviction.[1]

In May 2010, Oney filed a belated petition for post-conviction relief in Floyd Superior Court, seeking relief from his 1989 OWI conviction. Pursuant to an agreed entry between Oney and the State, the post-conviction court vacated the 1989 OWI conviction and ordered that conviction and another related conviction be expunged from the records of the BMV and the Indiana State Police. Subsequently, on November 18, 2011, Oney filed a motion to set aside his guilty plea to the HTV conviction. Treating the motion as one for post-conviction relief, the court below held a hearing on November 28 and December 12. After the hearing, the State tendered proposed findings and conclusions, and Oney filed a brief in support of the relief requested. On March 20, 2012, the trial court entered its order granting Oney's motion and setting aside his HTV conviction. The State now appeals.

## DISCUSSION AND DECISION

Post-conviction proceedings provide "a narrow remedy to raise issues that were not known at the time of the original trial or were unavailable on direct appeal. State v. Holling, 970 N.E.2d 147, 150 (Ind. 2012). "The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." Ind. Post-Conviction Rule 1(5).

> When the State appeals a judgment granting post-conviction relief, we
> review using the standard in Indiana Trial Rule 52(A):

---

[1] Oney was also convicted of operating a motor vehicle while an HTV in April 1997 and of two counts of operating after forfeiture of his driving privileges for life in 1999 in March in December 2001.

3

> On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses.

State v. Cooper, 935 N.E.2d 146, 149 (Ind. 2010). The clearly erroneous standard of review is a review for sufficiency of the evidence, and we neither reweigh that evidence nor determine the credibility of witnesses. Instead, we consider only the probative evidence and reasonable inferences supporting the trial court's judgment. State v. Dye, 784 N.E.2d 469, 471 (Ind. 2003). Further, the post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "a post conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made."

Holling, 970 N.E.2d at 150-51 (some citations omitted).

The State is appealing the order that granted Oney's motion to withdraw his guilty plea pursuant to Indiana Code Section 35-35-1-4. That statute provides, in relevant part:

> (c)   After being sentenced following a plea of guilty, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:
>
> > (1)   The convicted person was denied the effective assistance of counsel;
> >
> > (2)   The plea was not entered or ratified by the convicted person;
> >
> > (3)   The plea was not knowingly and voluntarily made;

4

(4) The prosecuting attorney failed to abide by the terms of a plea agreement; or

(5) The plea and judgment of conviction are void or voidable for any other reason.

The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

Ind. Code § 35-35-1-4(c).

Here, the State contends that the trial court erred when it granted post-conviction relief by vacating the 2002 HTV conviction and allowing Oney to withdraw his guilty plea to that offense. In support, the State cites State v. Starks, 816 N.E.2d 32 (Ind. 2004). In Starks, our supreme court noted that, if a defendant is successful in challenging an HTV suspension on the merits, that defendant "might then petition for post-conviction relief in the court where [he] pled guilty to the felony of continuing to drive." Id. at 34 (citing State v. Hammond, 761 N.E.2d 812, 816 (Ind. 2002)). However, the court then observed:

> If the person successfully demonstrates, either to the BMV or to the court upon judicial review, see I.C. § 9-30-10-7, that a "material error" has occurred then the person is afforded the opportunity to pursue post-conviction relief. This is not to say however that relief automatically will be granted. . . . [T]he essence of the HTV offense is the act of driving after having been so determined. Hammond, 761 N.E.2d at 815. Because the underlying offense is later challenged or set aside does not mean the HTV adjudication is invalid. "The focus is not on the reliability or non-reliability of the underlying determination, but on the mere fact of the determination." Id. Only if the underlying offense was not committed, for example, by proving that the BMV erroneously included the defendant as the same person as the offender in the subsequent court, is the error "material."

Id. at 35.

5

Here, as in Starks, Oney has had one of the predicate offenses to his HTV status vacated. But, as noted in Starks,

> the crucial date, insofar as habitual violator status is concerned, is the date of driving, not the date on which the status is challenged or set aside. If the person is driving despite notification that he may not do so because he has been declared an habitual traffic violator, he is [flouting] the law even if one or more of the underlying convictions is voidable.

Id. at 33-34. See also, Hoaks v. State, 832 N.E.2d 1061 (Ind. Ct. App. 2005), trans. denied. When the officer initiated the traffic stop in November 1999, Oney was driving even though his license had been suspended for being an habitual traffic violator. That he was able later to obtain an order vacating one of the predicate offenses to his HTV status is not the point. By driving despite his HTV status and suspension, Oney was "[flouting] the law even if one or more of the underlying convictions [was] voidable."[2] Id. at 34. Under Starks, the trial court erred when it vacated Oney's conviction for operating a motor vehicle while an HTV, a Class D felony, and allowed Oney to withdraw his guilty plea to that offense.

Still, Oney contends that the trial court did not err. He asserts five reasons supporting the trial court's order, namely that: (1) the order corrected a "manifest injustice" under Section 35-35-1-4; (2) relief was appropriate to address a "material error" as discussed in Starks; (3) "to deny [him] relief would amount to tacit approval of gross Constitutional violations," Appellant's Brief at 7; (4) his guilty plea to the 1989

---

[2] Oney contends that, following the vacation in 2010 of his 1989 conviction, the BMV "removed [his] HTV suspension as it was no longer supported by three (3) OVWI convictions." Appellant's Brief at 6. In support he cites Appellant's Appendix at 65-67. The cited pages, a photocopy of Oney's Indiana Official Driver Record as of November 2, 2011, do not show the removal of HTV status. Regardless, as we make clear in this opinion, our focus is on Oney's status on the date of the offense, not on the subsequent change, if any, to his HTV status.

OWI conviction was not made knowingly or voluntarily; and (5) the State is estopped to deny that a "material error" resulted in the HTV conviction. We consider each argument in turn.

First, Oney contends that relief is appropriate to correct a manifest injustice under Indiana Code Section 35-35-1-4(c). Again, that statute provides that "the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice." Ind. Code § 35-35-1-4(c). But Oney misunderstands the manifest injustice at issue in the statute. Starks makes clear that driving while an HTV is "[flouting] the law" regardless of "the reliability or non-reliability of the underlying [HTV] determination[.]" 816 N.E.2d at 35. Here, as discussed in more detail below, the BMV committed neither a procedural error nor a material error in determining that Oney was an HTV in 1994. Thus, although Oney's HTV status was later reversed, on the day of the offense underlying the HTV conviction, Oney was "[flouting] the law" when he operated a vehicle despite his then existing HTV suspension. Oney's reliance on section 35-35-1-4 as the basis for withdrawing his plea to operating a vehicle while an HTV is without merit.

Next we consider Oney's argument that vacation of his conviction for the HTV and withdrawal of his guilty plea is appropriate because he was declared an HTV as the result of a "material error." Again, Oney mischaracterizes the error at issue. The only "error" in this case was Oney's 1989 OWI conviction, which was the result of violations of his Constitutional rights by the OWI trial court. As stated above, in 1994 when the

BMV determined Oney to be an HTV, that determination, in itself, was free of procedural and material error.

In any event, the "material error" standard in Starks merely affords a petitioner the opportunity to pursue post-conviction relief, but it does not mean that relief will automatically be granted. 816 N.E.2d at 35. Here, Oney was afforded that opportunity. But, as discussed above, under Starks, the trial court erred when it determined that relief was appropriate in Oney's case. Oney's reliance on the "material error" standard in Starks is also unavailing.

Next, we consider Oney's arguments that denying post-conviction relief would amount to "tacit approval of gross Constitutional violations." Appellant's Brief at 7. We also consider the foundation for that argument, namely, that his guilty plea to the 1989 OWI conviction was not knowingly and voluntarily made. Again, the critical point is the date on which Oney committed the underlying offense, operating a vehicle while an HTV. As stated above, on that date he flouted the law when he drove despite his HTV suspension, and Starks instructs us that the reliability or non-reliability of that suspension, unless it is a matter of mistaken identity, for example, is irrelevant. Starks, 816 N.E.2d at 35. We do not condone the conduct of the trial court in 1989 that resulted in Oney's guilty plea to OWI, but neither do we condone Oney's disregard for the law when he drove despite his HTV status and the resulting suspension of his driver's license. Oney has not shown that Constitutional violations have any bearing on the present case.

Finally, Oney contends that the State is estopped to assert that a material error occurred in this case. But, again, Oney confuses the material error at issue. The State

8

does not deny or even discuss the post-conviction proceedings in which Oney's 1989 OWI conviction was vacated and his guilty plea was withdrawn.[3]   Regardless, as discussed above, the material error at issue resulted in Oney's 1989 OWI conviction and his subsequent determination as an HTV.  There was no case of mistaken identity or other material error that resulted in the HTV suspension at issue.  Collateral estoppel does not apply.

## Conclusion

The BMV's determination in 1994 that Oney was an HTV was based on three predicate convictions and did not constitute manifest injustice.  Nor did the BMV err, materially or procedurally, when it determined that Oney was an HTV in 1994.  As such, when Oney operated a vehicle in 1999, despite his HTV status and resulting conviction, he was flouting the law, even though one of the predicate convictions to his HTV status was later vacated.  As such, we reverse and remand the trial court's order granting post-conviction relief to Oney, vacating his HTV conviction, and allowing him to withdraw his guilty plea to that offense.

Reversed and remanded.

KIRSCH, J., and MAY, J., concur.

---

[3]   We find it curious that the State did not even mention the post-conviction proceedings regarding the 1989 OWI conviction.  That part of the procedural history is a necessary piece of the procedural picture in this case because it provides the basis for the motion to withdraw Oney's guilty plea that underlies this appeal.