# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**BRIAN J. JOHNSON**
Danville, Indiana



FILED

Feb 27 2014, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  32A01-1306-CR-282 |
| | ) | |
| CHAD BRYANT, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-1206-FD-632

**February 27, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

The State appeals the trial court's dismissal of its charges against Chad Bryant ("Bryant") for Class D felony operating a vehicle as an habitual traffic violator ("HTV").[1]

We reverse and remand.

ISSUE

Whether the trial court abused its discretion when it granted Bryant's motion to dismiss.

FACTS

Over the course of ten years, Bryant accumulated three convictions for motor vehicle offenses. According to Bryant's Bureau of Motor Vehicle ("BMV") record, he was convicted of: (1) operating a vehicle while intoxicated with a prior conviction within five years on July 11, 2002, under cause number 49F18-0011-DF-210157 ("Cause 157"); (2) operating a vehicle while intoxicated on February 17, 2011, under cause number 32D03-1011-CM-312 ("Cause 312");[2] and (3) operating per se with an alcohol concentration of 0.08 or above on February 17, 2011, under cause number 32D03-1011-CM-361 ("Cause 361").[3] On February 26, 2011, the BMV sent Bryant a notice that his license was suspended because he had accumulated three motor vehicle convictions and therefore qualified as an HTV. As its basis for the HTV determination, the notice correctly listed Cause 157, but incorrectly listed that Bryant had two convictions arising from Cause 312, including the operating per se with an alcohol concentration of 0.08 or

---

[1] Ind. Code § 9-30-10-16(a)(2).

[2] In Cause 312, the State also charged Bryant with operating per se with an alcohol concentration of 0.08 or above but dismissed the charge.

[3] Although the convictions for both Cause 312 and Cause 361 were entered on February 17, 2011, they arise from incidents on different days.

above charge that the State had dismissed. The notice also omitted Bryant's conviction under Cause 361.

On June 22, 2012, Sheriff's Deputy Joshua D. Faith ("Deputy Faith") of the Hendricks County Sheriff's Department stopped Bryant on State Road 26 because the brake lights on his vehicle were not working. Bryant gave Deputy Faith an identification card and informed him that his license was suspended.

Subsequently, on June 25, 2012, the State charged Bryant with Class D felony operating a vehicle as an HTV. On March 5, 2013, Bryant filed a motion to dismiss the charge. In the motion, he argued that his suspension for being an HTV was not valid at the time of the alleged offense because an HTV determination requires three prior qualifying convictions arising from distinct incidents, and the notice informing him of his HTV status had listed two convictions arising from Cause 312. One of these charges had been dismissed. As a result, he contended that the HTV determination was invalid and that he correspondingly could not have operated a vehicle as an HTV. On May 21, 2013, the trial court held a hearing and granted Bryant's motion to dismiss. The State now appeals. Additional facts will be provided as necessary.

## DECISION

On appeal, the State argues that the trial court erred when it granted Bryant's motion to dismiss because Bryant qualified as an HTV when Deputy Faith stopped him on June 22, 2012, and therefore the State properly charged him for operating a vehicle as an HTV. In support of this argument, the State notes that even though the BMV's notice of Bryant's HTV status incorrectly listed his prior convictions, Bryant had accumulated

3

the three requisite prior convictions necessary to qualify as an HTV. Also, the State argues that the notice adequately advised Bryant of the procedure for challenging the validity of his suspension, yet Bryant never disputed it. In response to the State, Bryant reiterates that his license was not validly suspended, so he did not operate a vehicle as an HTV.

The trial court granted Bryant's motion to dismiss under Indiana Code § 35-34-1-4(a)(5), which governs the dismissal of charging informations. The purpose of Indiana Code § 35-34-1-4(a)(5) is to "establish facts that aid in a determination of whether an offense has properly been charged against the defendant as a matter of law." *Ceaser v. State*, 964 N.E.2d 911, 918 (Ind. Ct. App. 2012), *trans. denied.* The court may dismiss an information if "[t]he facts stated do not constitute an offense." I.C. § 35-34-1-4(a)(5). On appeal, we will review a trial court's grant of a motion to dismiss an information for an abuse of discretion. *State v. Gill*, 949 N.E.2d 848, 849 (Ind. Ct. App. 2011), *trans. denied.* A trial court has abused its discretion when its decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Pursuant to Indiana Code § 9-30-10-4(b),

> a person who has accumulated at least three (3) judgments within a ten (10) year period for any of the following violations, singularly or in combination, and not arising out of the same incident, is a habitual violator:
> > (1) Operation of a vehicle while intoxicated.
> > * * * * *
> > (4) After June 30, 2001, operation of a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per:
> > > (A) one hundred (100) milliliters of the blood; or
> > > (B) two hundred ten (210) liters of the breath. . . .

A person commits Class D felony operating a vehicle as an HTV if that person "operates a motor vehicle . . . while the person's driving privileges are *validly suspended* under this chapter . . . and the person knows that the person's driving privileges are suspended." I.C. § 9-30-10-16(a) (emphasis added). The "chapter" this provision refers to is "Chapter 10: Habitual Violator of Traffic Laws." I.C. § 9-30-10.

Because Bryant disputes the HTV determination underlying the State's Class D felony operating a vehicle as an HTV charge, his argument turns on Indiana Code § 9-30-10-16(a)'s use of the phrase "validly suspended." A long line of cases have interpreted both this phrase and the issue of whether a defendant can be charged for operating a vehicle as an HTV if one of the convictions underlying the HTV status is void or voidable. *See State v. Oney*, 993 N.E.2d 157 (Ind. 2013). Based on this precedent, we conclude that the trial court abused its discretion in granting Bryant's motion to dismiss.

A previous version of Indiana's operating a vehicle as an HTV provision did not include the phrase "validly suspended." Instead, it provided that "[a] person who operates a motor vehicle: (1) while the person's driving privileges are suspended under this chapter. . .; or (2) in violation of the restrictions imposed under this chapter . . . commits a Class D felony." *See Stewart v. State*, 721 N.E.2d 876, 878 (Ind. 1999). In *Stewart*, the Indiana Supreme Court approved of our opinion in *Gentry v. State*, 526 N.E.2d 1187 (Ind. Ct. App. 1988), *trans. denied*, in which we held that "a person who has been judged an HTV remains in that status until the BMV rescinds its designation[] and [] is not free to disregard this administrative determination." *Stewart*, 721 N.E.2d at 880 (citing *Gentry*, 526 N.E.2d at 1188). The *Stewart* court noted that "[w]hile defects in the

5

administrative process may warrant relief under administrative law, it is not the province of criminal proceedings to correct such errors." *Stewart*, 721 N.E.2d at 880. Instead,

> [i]t follows that the crucial date, insofar as habitual violator status is concerned, is the date of driving, not the date on which the status is challenged or set aside. If the person is driving despite notification that he cannot do so because he has been declared a habitual traffic violator, he is flaunting the law even if one or more underlying convictions is voidable.

*Id.* (quoting *Gentry*, 526 N.E.2d at 880). Based on these standards, the *Stewart* court found it persuasive that the defendant in that case, Stewart, had not made any effort "to contact BMV or to inquire or seek any remedy during the time his suspension was pending or after it became effective." *Stewart*, 721 N.E.2d at 880.

Subsequently, the Indiana Legislature amended I.C. § 9-30-10-16(a) to add the phrase "validly suspended" so that a person commits Class D felony operating a vehicle as an HTV if that person "operates a motor vehicle . . . while the person's driving privileges are *validly suspended* under this chapter . . . and the person knows that the person's driving privileges are suspended." I.C. § 9-30-10-16(a) (emphasis added). The Supreme Court interpreted this amendment in *State v. Hammond*, 761 N.E.2d 812 (Ind. 2002), *reh'g denied.*

In *Hammond*, the defendant, Hammond, pled guilty to operating a motor vehicle while suspended as an HTV. *Id.* at 813. Hammond later filed a petition for post-conviction relief, arguing that the BMV's notice suspending her as an HTV was defective because it did not advise her of the opportunity for administrative review. *Id.* At the same time, she also filed a petition for judicial review of her HTV suspension. *Id.* The trial court found the BMV's notice deficient and retroactively vacated her suspension. *Id.*

6

at 813-14.  Subsequently, the post-conviction court relied on this ruling and also vacated her guilty plea on the basis that it was not supported by an adequate factual basis.  *Id.* at 814.  The Court of Appeals affirmed.  *Id.*

On appeal to the Supreme Court, Hammond argued that the legislative amendment of "validly" modifying "suspended" indicated the Legislature's intent that any notice deficiency in an underlying suspension should automatically invalidate a conviction for operating while suspended.  *Id.* at 815.  The Supreme Court disagreed and upheld its reasoning in *Stewart.  Id.*  It concluded:

> In *Stewart*, we discussed the required elements and mens rea for an HTV suspension and held that a license suspension is valid until and unless it is successfully challenged.  The addition of the word "validly" to the statute does not, therefore, change the holding of *Stewart*.  If no challenge has occurred as of the date the driver is charged with driving while suspended, the suspension is valid at the critical time, and the subsequent conviction stands.

*Id.* (internal citations omitted).  Instead of vacating Hammond's suspension, the Supreme Court determined that the proper remedy for the BMV's failure to explain Hammond's right of review was to allow her a belated opportunity to challenge her HTV suspension on the merits.  *Id.* at 815-16.  If she were successful, she could "then petition for post-conviction relief in the court where she pled to the felony of continuing to drive."  *Id.* at 816.

Subsequently, two Supreme Court decisions have further interpreted *Hammond*'s precedent.  Bryant points us to these two decisions to support his argument that where there is a material error in a conviction underlying a suspension for being an HTV, we

7

may invalidate a subsequent conviction for operating a vehicle as an HTV. The first is *State v. Starks*, 816 N.E.2d 32 (Ind. 2004).

In *Starks*, the BMV sent Kevin Starks ("Starks") a notice advising him of his status as an HTV, and he later pled guilty to driving while suspended as an HTV. *Id.* at 32-33. Thereafter, Starks challenged one of the convictions underlying his HTV status. *Id.* at 33. The trial court set aside the conviction and ordered the HTV determination expunged from his record. *Id.* Starks then filed a petition for post-conviction relief, and the post-conviction court set aside his conviction of driving while suspended as an HTV. *Id.* The Court of Appeals affirmed.

On appeal to the Supreme Court, Starks noted the last line of the *Hammond* decision:

> The proper remedy for the BMV's failure to explain Hammond's right of challenge is to allow Hammond the belated opportunity to challenge her HTV suspension on the merits. *Were she successful at that, she might then petition for post-conviction relief in the court where she pled to the felony of continuing to drive.*

*Id.* at 34 (emphasis in original). Because Starks had successfully challenged his suspension on the merits, he argued that his situation was in line with the scenario the Supreme Court had contemplated in *Hammond.* *Id.* The Supreme Court disagreed. *Id.* at 34-35. It explained that "[t]he quoted language was merely descriptive of the procedural route a person may be entitled to take belatedly to challenge a prior conviction or to challenge notice that driving privileges have been suspended. If the person successfully demonstrates, either to the BMV or to the court upon judicial review, that a 'material error' has occurred then the person is afforded the opportunity to pursue post-conviction

8

relief." *Id.* The Supreme Court further noted that "[o]nly if the underlying offense was not committed, for example, by proving that the BMV erroneously included the defendant as the same person as the offender in the subsequent court, is the error 'material.'" *Id.* at 35. The Court thus distinguished between cases where a court vacates a conviction underlying a suspension on procedural grounds and on substantive grounds. *See id.* Because the trial court had vacated Starks' HTV determination on procedural grounds, the court reversed the post-conviction court's vacation of his conviction for driving while suspended as an HTV. *Id.*

The Supreme Court recently clarified in *State v. Oney*, 993 N.E.2d 157 (Ind. 2013) that its *Starks* opinion does not foreclose relief where a material error has occurred in the determination that an individual is an HTV. In *Oney*, the BMV informed Russell Oney ("Oney") that he was an HTV, and he was later charged with and pled guilty to operating a vehicle while suspended as an HTV. *Id.* at 160. Thereafter, Oney filed a petition for post-conviction relief for one of the convictions underlying his HTV determination. *Id.* The post-conviction court found that the conviction was based on a material error because the judge in Oney's case had coerced him into pleading guilty without counsel being present, even though he maintained his innocence. *Id.* at 161, 163. Noting the court's "material error" finding, Oney then filed a motion to set aside his guilty plea to operating a vehicle while suspended as an HTV, and the post-conviction court granted the motion. *Id.* at 162. The Court of Appeals and the Supreme Court both affirmed. *Id.* at 164, 166.

9

In its opinion, the Supreme Court explained: "We repeat for emphasis that only because there was sufficient evidence . . . to conclude that Oney did not commit the [] underlying offense, was he then afforded the opportunity to attempt additional relief . . . ." *Id.* at 164. Notably, we do not interpret this language to guarantee that a court will set aside a defendant's conviction for operating a vehicle as an HTV even if there is a material error underlying the HTV determination. *See id.* Instead, a material error may allow a defendant to "*attempt* additional relief." *Id.* (emphasis added). In spite of finding in *Oney* that there was a material error underlying Oney's HTV determination, the Supreme Court still analyzed whether that error met the standard for setting aside a guilty plea "to correct a manifest injustice." *See id.* at 166.

Here, Bryant argues that, because one of the convictions the BMV listed on its HTV notice was actually a charge that the State dismissed, he did not commit the convictions underlying his HTV determination and there was thus a material error. Based on the Supreme Court's decisions in *Starks* and *Oney*, he contends that the trial court did not abuse its discretion when it granted his motion to dismiss because it could not have convicted him for operating a vehicle as an HTV where there was a material error in the HTV determination. However, we disagree.

As we stated above, the Supreme Court clearly stated in *Stewart* that: "a person who has been judged an HTV remains in that status until the BMV rescinds its designation[] and [] is not free to disregard this administrative determination." *Stewart*, 721 N.E.2d at 880 (citing *Gentry*, 526 N.E.2d at 1188). While "defects in the administrative process may warrant relief under administrative law, it is not the province

10

of criminal proceedings to correct such errors." *Stewart*, 721 N.E.2d at 880. *Hammond*, *Starks*, and *Oney* did not alter this standard. Instead, the *Hammond* court held that a license suspension is valid until and unless it is successfully challenged and that the proper procedure for challenging a subsequent conviction for operating while suspended is to first dispute the suspension on the merits. *Hammond*, 761 N.E.2d at 815-16. Likewise, *Starks* and *Oney* both concerned situations in which the petitioners had already successfully disputed the convictions underlying their HTV determinations.

In the instant case, Bryant has not challenged his HTV determination, either through the BMV or judicial review. Accordingly, in line with the preceding judicial precedent, we need not address whether the BMV's erroneous listing of Bryant's charges was a material error because we must consider his suspension valid until he directly challenges it. *See id.* at 815. As a result, we conclude that the State properly charged Bryant with Class D felony operating a vehicle as an HTV as a matter of law and that the trial court abused its discretion when it granted Bryant's motion to dismiss. We reverse the trial court's dismissal and remand for further proceedings.

Reversed and Remanded.

MATHIAS, J., concurs.

BRADFORD, J., concurs in result with opinion.

11

# IN THE
# COURT OF APPEALS OF INDIANA

STATE OF INDIANA,       )
                                )

    Appellant-Plaintiff,    )
                                )

       vs.            )     No. 32A01-1306-CR-282
                                )

CHAD BRYANT,        )
                                )

    Appellee-Defendant.    )

**BRADFORD, Judge, concurring in result**

While I concur with the majority's holding, I would reach that result by a different route. At the outset I think it is fair to note that Bryant's attack on the BMV's notice is one on the details of the notice, said details not even required by the statute. Indiana Code section 9-30-10-5(a) does not require that the BMV's notice of suspension identify the violations supporting an HTV determination with any specificity:

> If it appears from the records maintained by the bureau that a person's driving record makes the person a habitual violator under section 4 of this chapter, the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days because the person is a habitual violator according to the records of the bureau.

12

If Bryant had challenged his suspension with the BMV, I think we can all agree that the agency would almost certainly have simply issued a new notice correctly listing the "Operating per se .08" conviction under Cause 361.

In addition, I agree that Bryant's suspension must be considered valid until challenged; however, I would decide this case on the more fundamental basis that there is simply no way that Bryant can establish that his suspension suffers from material error within the meaning of the Indiana Supreme Court's holding in *Oney*. *Oney* is clear that in order for a conviction to be set aside on the basis of "material error," it must be established that the claimant is actually innocent of the charge, something that Bryant does not even allege. *Oney*, 993 N.E.2d at 163 ("And for our purposes, error is material only if Oney was actually innocent of the charge, or in the language of *Starks* the error is material 'if the underlying offense was not committed.'" (citation omitted)). Although Bryant correctly notes that he was not convicted of "Operating per se .08" in Cause 312, in no way does this establish that he did not commit such a crime. Because Bryant has not established material error in any of the convictions underlying his HTV determination, he cannot successfully challenge his suspension on that basis. Because Bryant cannot establish that his suspension was invalid, he cannot successfully challenge his operating a vehicle as an HTV conviction on that basis. I would dispose of Bryant's appeal on that ground, and therefore respectfully concur in result.